### CARLETON v. BYINGTON *et al.*

1. **Case followed.** *Carleton* v. *Byington*, 17 Iowa, 579, followed and applied.

2. **Practice:** OBJECTION TO EVIDENCE. An exception to the admission of evidence will not be considered where the ground of objection is not stated. Rev., 1860, § 3107.

3. **Foreclosure:** PARTIES. A party to a proceeding in foreclosure, who has "no right whatever" in the mortgaged premises, cannot assail the validity of the mortgage.

4. **Conveyance:** ACKNOWLEDGMENT. An acknowledgment of the execution of a mortgage is not essential to its validity. *Query:* Is it necessary to bar dower?

5. **Foreclosure:** SPECIAL VERDICT. The court may properly instruct the jury, in the trial of any issue in the foreclosure of a mortgage, to find a special verdict. Rev., 1860, § 3079.

*Appeal from Johnson District Court.*

WEDNESDAY, JUNE 7.

MORTGAGE FORECLOSURE. — This is the same case decided on the appeal of Le Grand Byington, the' mortgagor and defendant in the same proceeding at the last December Term, :and reported in 17 Iowa, 579. The necessary facts are :stated in the opinion.

*Le Grand Byington* for the appellant.

*Robinson* and *Patterson* for the appellee.

COLE, J. — I. The appellant has assigned twenty-one errors. The first ten are fully decided in the case of the

1. CASE FOLLOWED. plaintiff against Le Grand Byington, 17 Iowa, 579. The fact that the appellant in that case was the mortgagor, while this appellant is, or may be, a subsequent incumbrancer, does not in the least affect the just applica-. tion of the rulings in that case to this defendant.

II. The eleventh and twelfth errors assigned are upon the admission of testimony. The bill of exceptions states

2. PRACTICE: objection to evidence. the testimony was offered, " to which the defendant objected;" but it does not state any ground for the objection. This mode of objecting is too general and indefinite to be made the basis of error. The last clause of section 3107 of the Revision provides that " if the exception is to the admission or exclusion of evidence, oral or written, the ground of the objection must be also stated, *and no other shall be regarded.*" No ground for the objection being stated in this case, of course none can be regarded.

III. There was evidence introduced before the jury. which tried the case as to this defendant, tending to show

3. FORECLOSURE: parties. that the mortgage was signed and acknowledged in *blank* by the mortgagor, Le Grand Byington, and Mary Byington his wife; and that the mortgage was afterwards filled up and delivered by Le Grand, and was then recorded. After the evidence was closed, the defendant asked, *inter alia,* four instructions, embracing these four several phases: If the jury believed, from the evidence, that the mortgagors did not " execute," " deliver,". " acknowledge" the mortgage, or that "the mortgage was not recorded," the plaintiff could not recover; which

instructions the court modified by adding, "provided you find that Charles E. Byington has established any right to the premises whatever;" and then gave them to the jury. This modification forms the basis of the fourteenth, fifteenth and sixteenth assignments of errors.

There was no error in the action of the court in this particular. If Charles E. Byington had *no right whatever* in the premises, it was not competent for him to assail the mortgage, nor could he be prejudiced by any decree barring any supposed equity.

IV. On motion of plaintiff's counsel, the court instructed the jury, in substance, that if they believed that the mort-

4. CONVEYANCE; acknowledgment. gagors executed and delivered the mortgage, in good faith, to secure an existing indebtedness, that the testimony of the mortgagors that they never acknowledged it before the officer whose certificate was appended to it was not sufficient to invalidate the mortgage, and that any material allegation of the petition not denied by the answer is to be taken as true. The giving of these instructions constitutes the seventeenth and eighteenth alleged errors.

The acknowledgment was not essential to its validity. (As to its necessity to bar dower, we do not determine.) The mortgage was as valid and binding between the parties and all others acquiring subsequent interests in the mortgaged premises, with notice thereof, as if acknowledged and recorded. The acknowledgment is a necessary prerequisite to its being recorded, but does not affect its validity. There was no error in this instruction, nor in the other, that allegations not denied are taken as true. The last proposition is, in substance, sec. 2917 of the Revision.

V. The nineteenth error as assigned is because the district judge further assisted the plaintiff to try her case by

5. FORECLOSURE; special verdict. interpolating specific interrogatories to the jury. The transcript discloses that the court

required the jury to find a special verdict; and this is the assistance referred to. It seems unreasonable that intelligent counsel should assign as error in the court the doing of that which the Revision, § 3079, expressly authorizes the court to do. The only satisfactory way to account for it is upon the supposition that this particular provision of the statute had escaped the attention of counsel. The error is with the counsel, not with the court.

The twentieth alleged error is in refusing to entertain a motion for a new trial. The answer is, the transcript does not show that any was ever made.

The last ground relied upon for reversal is, that the court gave judgment for plaintiff, when by the evidence and law judgment should have been for defendant. There is no sufficient showing that we have all the evidence in the case before us; nor was there any motion for a new trial. No basis is therefore laid for inquiry into this alleged error.

Affirmed.