THE IOWA LOAN AND TRUST CO. v. KING ET AL.

1. **Mortgage:** POSSESSION: NOTICE OF EQUITIES. The actual possession and occupancy of real property, by a husband and wife together, will impart notice of the wife's equities therein as against all persons other than those claiming under the husband. The possession of the husband and wife is regarded as joint by reason of the family relation, but this rule as to joint occupancy will not apply to a son boarding in the family.

2. ———: ———: ———: LIFE ESTATE: REMAINDER OVER. A mortgage upon real property, executed by a person who subsequently became entitled to an estate in remainder therein, and containing the usual covenants of warranty, will attach to and may be enforced against such after acquired estate; but it cannot affect the equities of a party holding an estate for life in the property, and who was in the actual possession thereof when the mortgage was executed.

*Appeal from Polk Circuit Court.*

FRIDAY, JUNE 9.

ACTION to foreclose a mortgage executed by W. H. King. Ellen A. King was made a defendant and set up title in herself. W. H. King was served by publication, and failing to appear, a default was entered against him. Upon a trial on the merits, the petition was dismissed as to defendant, Ellen A. King. Plaintiff appeals.

*Brown & Dudley*, for appellant.

*Barcroft, Gatch & McCaughan*, for appellee.

BECK, J.—I. The petition prays for the foreclosure of a mortgage executed by W. H. King, in 1875, upon a lot in the city of Des Moines, and shows that the other defendant

asserts some claim and interest in the property, which, it is alleged, is inferior and subject to plaintiff's mortgage. Ellen A. King, in her answer, avers that she is the owner of the property, and was at the time of the execution of the mortgage, and never assented thereto; that she purchased and paid for the mortgaged property, and that the deed therefor was wrongfully made to her co-defendant, W. H. King, who holds the lot in trust for her. She makes her answer a cross-bill against W. H. King, and prays that he may be required to convey the property to her, and that the title may be quieted.

II. The evidence, we think, quite satisfactorily establishes that Ellen A. King did purchase the property and pay for it mainly with her own money, or by the use of the proceeds of other property, and of the rent received from the lot itself. She positively so testifies, and her statements are supported by other evidence. There is little if any testimony in conflict therewith.

III. It is also satisfactorily shown that at the time and after the mortgage was executed, Mrs. King was in the actual possession and occupancy of the property. But, it is insisted that her possession was not "actual, open, exclusive and unambiguous," so that it would impart notice to the world of her equities.

1. MORTGAGE: possession: notice of equities.

When the mortgage was executed, she, with her husband and family, was in the occupancy of the house. W. H. King is her son, and was, at that time and for some time afterwards, a member of the family as a boarder. A part of the time he lodged in his mother's house, but the preponderance of the testimony is to the effect that when the mortgage was executed, he lodged elsewhere. But however that may have been, it is clear that he did not hold the legal possession of the property, and his occupancy was no other than as a boarder and lodger in the house, and as a member of Mrs. King's family. The legal possession of the property was in Mrs. King and her husband.

It cannot, we think, be doubted that possession of real

property by a husband and wife together, will impart notice of the wife's equities as against all persons other than those claiming under the husband, their possession being regarded as joint by reason of the family relation. *Thomas v. Kennedy*, 24 Iowa, 397, is not inconsistent with this conclusion, as it holds the wife's possession jointly with her husband will not impart notice of equities which she holds against him to one claiming under the husband. But this rule cannot be applied to this case where a member of the family holds the legal title against which an equity is set up. Mrs. King and her son were not joint occupants as tenants in common of the property. Their relations are unlike those of a husband and wife.

IV. It is shown by the record that after the execution of the plaintiff's mortgage, an action between Mrs. King and her son, the other defendant herein, involving their respective claims to the property, was settled by the parties entering into an agreement and lease, wherein it is provided that Mrs. King should have the use and occupancy of the property during her life, and that the son should pay the taxes on the property and keep it free from liens and incumbrances. Under this settlement the son acquired an estate in remainder after the *termination* of the estate for life reserved to Mrs. King, on the condition of payment of taxes, etc. As the mortgage executed by W. H. King contained the usual covenants of warranty, it attaches to his after acquired estate in the lot, and may be enforced against his interest thus acquired. The plaintiff is entitled to a foreclosure of the mortgage upon the estate in remainder held by W. H. King. The decree will provide that Mrs. King shall hold the lot for her natural life; that the mortgagee and the purchaser upon the foreclosure shall pay all taxes, and in default thereof, the lien of the mortgage or the title acquired through the foreclosure, shall be cut off and fully barred.

The defendant, Ellen A. King, will pay the costs of this appeal.

REVERSED.