## DICKERMAN v. LUST ET AL.

1. **Mortgages**: FORECLOSURE: REDEMPTION: PRIORITY OF LIENS. L. made a first mortgage to P., a second one to T., and a third one to S. Plaintiff bought the first and second mortgages, and foreclosed the first one, and bid in the property on execution. S. had foreclosed his mortgage and bid in the property on his execution, and had obtained a sheriff's deed, and, after obtaining such deed, and within two days of a year from the date of plaintiff's sale, he redeemed from plaintiff's sale. *Held* that he redeemed not as a junior creditor, but as owner, standing in the shoes of the mortgagor, and that his redemption did not cut out the second mortgage, but advanced it to the rank of a first lien on the land.

2. ———: ———: ADJUDICATION AGAINST SENIOR MORTGAGEE: EFFECT ON ASSIGNEE OF SENIOR MORTGAGE. The holder of a junior mortgage made the senior mortgagee a party to his foreclosure, and alleged that the senior mortgage was junior and inferior, and obtained a decree to that effect against him by default. But when the suit was commenced the senior mortgage had been assigned to plaintiff, and, though the assignment had not been recorded, the holder of the junior mortgage had actual notice of it before he took his decree, and did not make plaintiff a party to his foreclosure. *Held* that the decree and deed thereunder did not affect plaintiff's lien by virtue of his senior mortgage

*Appeal from Winneshiek District Court.*

MONDAY, JUNE 8.

ACTION to correct a description in a mortgage, and to foreclose the same. The defendant Spillman was made a party as claiming an interest in or lien upon the land; but the plaintiff avers that whatever interest in or lien upon the land Spillman may have is inferior to the plaintiff's mortgage. The court sustained the plaintiff's claim of priority as to

forty acres of the land, and denied it as to eighty acres. Both parties appeal; the plaintiff perfecting his appeal first.

*O. J. Clark*, for plaintiff.

*L. Bullis* and *J. B. Kaye*, for defendants.

ADAMS, J.—I. The court rendered judgment against the defendant Lust for the mortgage debt, and as to that there is no controversy. In respect to the alleged mistake, we understand that there is no controversy. The decree rendered in Spillman's favor as to eighty acres of the mortgaged land, we understand, was rendered upon the theory that Spillman had become the owner of the land by title paramount to the plaintiff's mortgage.

1. MORTGAGES: foreclosure: redemption: priority of liens.

Lust had executed three mortgages upon the eighty; the first to one Paine, the second to one Taylor, and the third to the defendant Spillman. The plaintiff became the owner and assignee of the Paine mortgage and the Taylor mortgage. He foreclosed the Paine mortgage, and bid in the property at execution sale. The defendant Spillman foreclosed his mortgage, and bid in the property at execution sale. Within a year from the plaintiff's sale, Spillman deposited with the clerk of the court the amount necessary to redeem from the sale, and the plaintiff drew the money from the clerk's hands. Afterwards Spillman procured the sheriff to execute to him a deed in pursuance of the plaintiff's sale; and the question presented is as to whether such deed divested the Taylor mortgage, which is the mortgage the plaintiff is seeking to foreclose. The decree is not very explicit, but we understand that the court below held that the Taylor mortgage had been divested by the deed.

Where a junior creditor redeems from an execution sale, he becomes entitled to an assignment of the certificate of purchase. Code, § 3120. If no redemption is made from him, he becomes entitled to a sheriff's deed as the owner of the certificate. Code, § 3124. But the defendant Spillman

did not redeem as a junior creditor. It is true that he was at one time junior creditor, but he had ceased to be such at the time he redeemed. He had foreclosed his mortgage, and bid in the property at execution sale. A year had expired, and he had taken a deed. Lust's title had been extinguished and the title had vested in Spillman. The latter had stepped into Lust's shoes, and when he redeemed he redeemed as owner. Perhaps the record alone would not fully justify us in saying this, because it merely shows that he redeemed on the same day on which he took a deed. But the time had already expired within which he could redeem as junior creditor. There remained but two days of the year allowed for redemption from the plaintiff's sale. We will not presume that he was allowed to redeem as junior creditor, contrary to the statute. Besides, Spillman's counsel expressly says in his argument: "Defendant Spillman received a sheriff's deed, and by virtue of his deed he redeemed from plaintiff's sheriff's sale." Now, having redeemed as owner, he did not become entitled to a deed by virtue of the redemption. Where the redemptioner is owner, he has no occasion to take a deed, and the statute does not provide that he may. He simply extinguishes a debt which rests upon his property. When Spillman bought, he is supposed to have bought subject to the debt which he paid off when he redeemed. He bought and took a deed of Lust's interest, which was an equity of redemption. He had still to pay off the Paine debt in order to protect his title. But the payment of that debt did not divest the Taylor mortgage which the plaintiff is now seeking to foreclose. It made that mortgage the first lien, which had theretofore been second.

II. It is insisted, however, that the foreclosure of the Spillman mortgage, and the sheriff's deed made in pursu-

2. ——: ——: ance thereof, divested the lien of the Taylor adjudication against senior mortgage, for the reason that Spillman made mortgagee: effect on assignee of senior mortgage. Taylor a party to his foreclosure; and while the Taylor mortgage was prior and paramount, Spill-

man averred that it was junior and inferior; and Taylor made no appearance, and Spillman obtained a decree against him by default. Spillman's position now is that the decree became binding upon the plaintiff as Taylor's assignee, and that the sale and conveyance made under the decree have divested the plaintiff's lien.

The plaintiff insists that the lien, even if it had been held by Taylor when Spillman commenced his suit, could not be cut off in that way. Whether this is so or not, we need not determine. The plaintiff had become the owner of the Taylor note and mortgage before Spillman commenced his suit. Taylor had parted with his interest, and a decree against him could not, under the circumstances, bind the plaintiff. It is true, the assignment does not appear to have been recorded, and Spillman contends that this fact was sufficient to justify Spillman in supposing that, in becoming a purchaser at his foreclosure sale, he was acquiring the land free from the Taylor mortgage, and that for this reason he has acquired a superior equity. But the fact appears to be that, while the plaintiff's assignment was not recorded, the defendant Spillman had actual knowledge of it before he purchased, and even before he took a decree. Under such circumstances, we cannot think that the plaintiff's rights became divested. Such, indeed, appears to have been the view of the court below. The plaintiff's claim, in respect to forty acres of the mortgaged land, was sustained. Its decree in favor of the defendant Spillman, in respect to the tract of eighty acres, must have been based upon the sheriff's deed made to Spillman, under his redemption from the Paine mortgage debt. But it appears to us that Spillman's claim cannot be sustained under either deed. His claim in respect to the tract of forty acres rests upon one deed only—the deed made to him in pursuance of his own foreclosure.

It follows, from the views which we have expressed, that, on plaintiff's appeal, the decree must be reversed, and, on the defendant's appeal,

AFFIRMED.