Leebrick v. Stahle.

68 515
f131 687

## LEEBRICK v. STAHLE.

1. **Vendor and Vendee:** POSSESSION BY TENANT: NOTICE. Where real estate is in the possession of a third party (a tenant in this case) at the time of its sale, the vendee is charged with notice of the rights of the person in possession, and takes subject thereto.

2. **Evidence:** ADMISSION OF SECONDARY: ERROR CURED. The admission of a copy of a lease without first accounting for the original was not a reversible error, where it clearly appeared later in the trial that the original had been destroyed by the grantor of the adverse party.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, APRIL 7.

THIS is an action of forcible entry and detainer, originally brought before a justice of the peace, where it was decided in favor of defendant. Upon an appeal to the circuit court,

a like judgment was entered, and plaintiff appealed to this court.

*P. Henry Smythe & Son* and *John J. Seerley*, for appellant.

*Poor & Baldwin*, for appellee.

BECK J.—I. The controling question in the case involves the existence of a lease under which defendant claims. The property in controversy is a store-house which defendant had occupied for several years under a lease executed by the owner, Mrs. Etteen, plaintiff's grantor. The lease having expired, defendant claims that he had again rented the property of Mrs. Etteen for a term of years, prior to the sale and conveyance to plaintiff. Plaintiff denies this, and claims that defendant holds over after the expiration of the first lease.

II. The evidence satisfactorily shows, or at least is sufficient to support the finding which we are authorized to presume was made by the district court, that Mrs. Etteen, before the sale and conveyance, had rented the property to defendant for a term of years by a written lease. The evidence shows that, on the tenth day of March, defendant rented the property of Mrs. Etteen through her agent, Fegan, who about that time delivered to plaintiff a written lease purporting to be signed by her. It appears that defendant regarded this instrument as a duplicate of the lease, and his counsel claim, while not denying that Mrs. Etteen did not write her signature thereto, which was done by Fegan, that he was authorized so to do, having full authority to rent the property and execute a lease therefor. We find it unnecessary to determine whether Fegan was authorized to execute the lease, for the reason that it is shown by the testimony that of Mrs. Etteen that before the conveyance to plaintiff she did sign a lease presented to her by Fegan, which clearly appears to be a duplicate of the instrument

given to defendant. This was some time after the instrument was delivered to defendant, and after Mrs. Etteen had contracted to sell the property to plaintiff, but before she had conveyed it to him. Upon this testimony the circuit court may well have found that defendant held as a tenant for a term of years under a written lease. The fact that Fegan had, before the execution of the lease by Mrs. Etteen, delivered to defendant an instrument which purported to be either a duplicate or a copy of the lease, and was so regarded by defendant, does not have the effect to avoid or defeat the lease afterwards signed by her. Mrs. Etteen made two written contracts for the sale of the property to plaintiff, both after defendant had received the duplicate or the copy of the lease.

i. VENDOR and vendee: possession by tenant: notice. The lease was executed before the property was conveyed to defendant. Were the controversy for the possession of the property between Mrs. Etteen, no conveyance having been made by her, and defendant, there could be no question of defendant's right to hold it under the lease. Plaintiff stands in no better position. Before he made the first contract with Mrs. Etteen, defendant had received the duplicate or copy of the lease, and claimed to hold it as a tenant for a term of years. He proceeded at once to make improvements or repairs upon the property. His possession gave notice of the rights he claimed, and plaintiff, upon inquiry of defendant, which prudence and duty both required, would have been informed that defendant claimed to hold the property under a lease. Plaintiff is charged with notice of defendant's rights. We think, indeed that the evidence tends to show that plaintiff had actual notice of defendant's right before either the contract or the conveyance was made. He certainly had such notice before the last contract was entered into, and before the deed was executed. That contract provides that he shall protect Mrs. Etteen against all claims of damages by the tenant, and shall defend for her any action that may be brought therefor, and he undertakes to be at all expenses

incurred in ejecting the tenants. Another significant cir-
cumstance is that the deed and the last contract were ante-
dated, to show their execution before the lease to defendant
was signed by Mrs. Etteen. The deed, or rather deeds, for
she made two, were acknowledged on the twenty-second of
March, and it is conceded that they were executed on that day,
but it is shown in the body of the instruments that they were
executed on the 13th. There is no direct evidence as to the
day of the execution of the second contract. An infer-
ence may well be drawn that it was signed on the same day,
but after the execution of the lease to defendant. These
circumstances authorize the conclusion that plaintiff had
actual knowledge of the rights of defendant under the lease.
The expedient of antedating the instrument was intended
as a protection against the enforcement of these rights.

III. Plaintiff objected to the introduction in evidence of
the copy or duplicate of the lease to defendant. No grounds
of objection are shown by the abstract, further
than that it was claimed to be "incompetent."
Counsel for plaintiff now regards it, not as a dupli-
cate, but a copy, and insist that it was erroneously admitted,
for the reason that the existence of the original had not been
proved and its absence accounted for by defendant. Assuming
counsel's position to be correct, that the existence of the lease
should have been shown, and defendant's inability to produce
it proved, yet its admission is error without prejudice, for
the reason that, during the progress of the trial, Mrs. Etteen,
in her evidence on behalf of plaintiff, testified that she
signed the lease and afterwards destroyed it. As it was thus
shown that the lease was executed, and was not in existence
at the time of the trial, no possible prejudice resulted to
plaintiff by admitting the copy in evidence before the intro-
duction of the proof of these facts.

Other questions argued by counsel need not be considered,
for the reason that the views we have presented are decisive
of the case. The judgment of the circuit court is

AFFIRMED.