Citizens' Savings Bank of St. Louis, Appellant, v. John T. Stewart.

Lost Petition Affecting Real Estate: PRESUMPTION AS TO. It is presumed that a petition affecting realty, under Code, 2628, which makes its filing notice, describes land included in a subsequent decree in the cause, and where that decree is in aid of an attachment of the land, the presumption can not be overcome by testimony giving a mere deductive impression that the petition did not describe the land covered by the decree.

Description in Decree: SUFFICIENCY OF. A decree describing a fractional part of a section as "N², S. E⁴., S. E⁴., 36," etc., is sufficient.

Laches in Asserting Title. A delay of six years is¹ no bar to an action to quiet title against a cotenant where each has paid taxes part of the time, the land was open to the public most of the time, and where the defendant, while controlling the land in the absence of plaintiff, has been fully compensated for improvements by use of the land and has failed to make such adverse claim as would set the statute of limitations to running.

*Appeal from Pottawattamie District Court.*—Hon. N. W. Macy, Judge.

Thursday, February 8, 1894.

Action to quiet the title to an undivided one half of twenty acres of land in Pottawattamie county, it being the north half of the southeast quarter of the southeast quarter of section 36, in township 75, range 44. In 1871 the land was owned jointly by the defendant and one Thomas A. Walker, each an undivided one half. In March, 1872, Walker conveyed his interest in the land to his wife, Mary C. Walker, with other lands. Walker was insolvent, and several suits, aided

by attachment, were instituted, and the lands, including the tract in question, were levied upon. Among the suits thus instituted was one of Wilkinson against Walker. Wilkinson, as well as others who had instituted attachment suits, commenced proceedings in equity against Walker and wife to set aside the conveyance to her as fraudulent. In the Wilkinson suit, in equity, a decree was entered in December, 1880, canceling the conveyance of Walker to his wife. In the Wilkinson attachment suit, in December, 1881, the land was sold, and bid in by the plaintiff, Wilkinson. The certificate of sale was transferred to the plaintiff bank, and in December, 1882, it received a sheriff's deed. Of the attachment suits against Walker one was by Phelan, in which judgment was obtained for about eighteen thousand dollars. In an equity suit of Phelan against Walker and wife the conveyance to her was set aside. The Phelan judgment was assigned to the plaintiff, who extended an additional credit on the purchase of the land in question of some one hundred and seventy dollars, and other credits as to other tracts included in the purchase under the Wilkinson sale, amounting in all to some six thousand dollars. The law and equity actions of Wilkinson against Walker and wife, referred to, were commenced March 21, 1879. On the first day of August, 1879, defendant Stewart commenced an action for the partition of the land in question—the twenty acres—he being the owner of the undivided one half, making Walker and wife and one Elwell, who was the first attaching creditor of Walker, defendants. Such proceedings were had in the partition suit that the land in question was sold by a referee, and bid in by Stewart, and a deed issued therefor, which was approved by the court. In January, 1885, Stewart commenced a suit in the superior court of Council Bluffs to quiet the title to said land, in which suit the plaintiff bank was defendant, and also certain

of the attaching creditors of Walker, and decree was entered in his favor March 3, 1885, and a transcript of the decree was filed in the office of the clerk of the district court February 8, 1888. The decree in the superior court was obtained upon service of notice by publication only, and it was, on the tenth day of July, 1889, by a suit of this plaintiff against Stewart, set aside as having been obtained by fraud and collusion, and without jurisdiction. This suit was commenced November 16, 1888, and the defendant, in addition to the facts above stated, pleaded that plaintiff herein is barred of his right of action because of laches, and that at the time his partition suit was pending the petition in the equity suit of Wilkinson against Walker contained no description of the land in question, and that it was not involved in nor affected by said suit, and he claims his title to be valid under his purchase at the sale in the partition suit. The pleadings put in issue the material facts, and on the trial in the district court a decree was entered for the defendant, and the plaintiff appealed.—*Reversed.*

*Flickinger Bros.* for appellant.

*Burke & Casady* for appellee.

Granger, C. J.—It will be well to first settle disputed questions as to the equity suit of Wilkinson against Walker and wife. That suit was pending when the partition suit of Stewart against Walker and wife and Elwell was commenced. Neither the plaintiff bank nor Wilkinson was a party to the partition suit. Appellee's claim is that the land in question was not so involved in the equity suit of Wilkinson against Walker and wife that he was required to take notice of it in the partition proceeding, wherein he purchased the interest of Mary C. Walker, and thus became the owner of the entire twenty acres. Some question is made of the

land being described in the decree in the Wilkinson case, but we think the fact that it is so described is not open to serious dispute. It is true that the description is not written out in full by making each word complete, but it appears there by the use of initial letters and figures as follows: "N² SE⁴ SE⁴ 36," etc. This description, in view of the entire record, leaves no doubt whatever of the identity of the land intended to be embraced in the decree. A question of more serious contention is this: That the land in question was not described in the petition in the equity case, and, as the partition suit was commenced and concluded before the decree was entered in the Wilkinson equity case, the proceedings did not impart constructive notice under the provisions of Code, section 2628, by which parties are required to take notice of suits pending wherein "a petition has been filed affecting real estate." The petition in the equity suit is lost, and appellee seeks, by oral evidence, to overcome the presumptions arising from the decree as to its contents.

It will be understood that the law action of Wilkinson against Walker, in which this land was levied upon by the attachment, and the equity suit to set aside the conveyance, were commenced at the same time, and the latter was in aid of, and made special reference to, the former. The decree in the equity suit refers in terms to the judgment in the law action, and to the deeds of conveyance, which embrace the land in question, and the decree speaks of the conveyances mentioned and set out in the petition herein. We are not to lose sight of the fact that this is not an attempt to attack the decree in the equity case in this collatteral proceeding, but merely an attempt to defeat, or show facts to avoid, the operations of that suit as one pending with reference to the land, so as to impart notice before a decree is entered. In this respect the question may form an exception to the general rule as to attacking judgment in collateral

proceedings. It may be said to be an inquiry into the condition of the record of a case during its pendency with a view to determine what notice it would legally mpart. The question in this form has not been discussed, and we will not determine it, but look to the effect of the evidence relied upon to overcome the recitals in the decree as to the record on which it is based. The main reliance of appellee is the testimony of three witnesses, Hart, Dailey and Brewer, who were attorneys in the Wilkinson case. The testimony is very weak, and inconclusive. Mr. Brewer says: "I am not positive whether the twenty-acre tract referred to was described in the petition in equity or the amendment in the Wilkinson suit against Thos. A. and Mary C. Walker, but, from the facts and circumstances which I am now able to recall, it is my conviction that it could not have been so embraced or described." The foregoing fairly indicates the tenor and character of his testimony. He has no recollection whatever on the subject, but from "certain facts and circumstances" he deduces a conclusion as to the contents of the petition. To the question, "What is your best impression or recollection as to whether it was involved in said suit in equity?" he answered, "As already stated, it is my impression that the tract in question was not involved in the Wilkinson equity suit." He then states some facts in regard to the other suits, from which he derives the "impression." Mr. Dailey says: "My recollection and judgment is that it was not included in either the bill or the amendment." His testimony then shows that he has no independent recollection on the subject. Mr. Hart says: "I am positive that the twenty-acre tract lying south of the park was not involved in the equity suit referred to in the interrogatory." He then says: "I am sure neither Mrs. Walker nor myself understood that this land was involved in that suit, for the reason that Mr. and Mrs. Walker were warm and

intimate friends, and neither would seek to obtain an advantage over the other. The partition suit was necessary, in order to pass the title to Mrs. Walker free from any cloud which then or thereafter might be asserted by the creditors of Mr. Walker.'' His further testimony shows that he is without any recollection upon the subject, but that because of certain facts of which he has a recollection he concludes that the petition did not contain a description of the land. Such evidence is practically valueless, if not absolutely incompetent, to overcome the legitimate presumptions arising from the recitals in a decree. Again, it may be said that the impressions of the witnesses are against the probabilities of the case as indicated by the facts that the equity suit was instituted to subject the lands attached in the law action of Wilkinson against Walker, and that the land in question was a part of that attached. Our conclusion is that the land in question was described in the petition in the equity case, and that it imparted notice to Stewart during his prosecution of the partition suit.

As the decree in the equity suit entirely divested Mrs. Walker of title to the land as against Wilkinson, whose interest the plaintiff now holds, and as neither the partition suit nor the sale thereunder could in any way operate to impair the rights of the plaintiff under the decree in the equity suit, the plaintiff is, by virtue of its deed under the sale in the attachment proceeding, the owner of the legal title, and entitled to have the same quieted, unless the claim as to laches or an equitable estoppel shall prevail. This claim is without merit. Stewart and the plaintiff have been tenants in common of this land since plaintiff acquired its title in 1882. Each has paid taxes on the land for a part of the time. The land, most of the time, has been open to the public. Stewart, as a joint tenant, has exercised control over the land in the absence of his cotenant,

but his claim has not been adverse in any sense that would set in operation the statute of limitations. He has incurred some expense in the way of improvements, but he has been more than compensated by what he has taken from the land. To us there seem to be no equities in the case favorable to Stewart. His entire claim rests on a fraudulent conveyance of Walker to his wife, which was adjudged to be void, and the course of procedure by which he has sought to establish his title to the undivided one half of the land in dispute impresses us with a belief that he has intended to secure a title at the expense of injustice to *bona fide* creditors or their assignees. There should be a decree quieting the title to the land in plaintiff, as prayed, and the cause will be remanded to the district court for that purpose. REVERSED.