120    103
132      7

J. Y. LUKE, Aministrator, Appellant, v. AEIKO KOENEN
AND TRIENTZE KOENEN.

Notes: DEEDS:    WANT OF CONSIDERATION:    BURDEN OF PROOF.
1    Under Code, section 3069, both a note and a deed import a
consideration, and the burden is on the party affirming want
of consideration for either to show it.

Transaction With Deceased Person: COMPETENCY OF WITNESS.
2    Where defendant is sued on a note given to one since deceased,
he is an incompetent witness on the question of want of con-
sideration for the note, under Code, section 4604.

Want of Consideration: FAILURE OF PROOF.    The fact that de-
3  ' fendants testify that the $1,200 note and conveyance of eighty
acres of land in question by them to plaintiff's intestate were
given to defeat the collection of a claim for $56 against one
of defendants, then in litigation, is insufficient to show that
the note and deed were without consideration.

Laches:  WHEN WILL DEFEAT RECOVERY.    Where it appears that
4    the payee's administratrix lived only two years after the
maturity of a well secured note drawing ten per cent. interest
and the succeeding administrator dies before the estate is
closed, equity will not defeat a recovery on the ground of
laches in the absence of proof that defendants have suffered
thereby.

Self-Serving Declaration.    A writing, the relevant portion of
5    which is a self-serving declaration, is inadmissible.

Practice:  DISMISSAL OF APPEAL.    In an equitable action a motion
6    to dismiss an appeal because error is not assigned will be
overruled.

*Appeal from    Franklin    District    Court.*—HON.   J.   R.
WHITAKER, Judge.

FRIDAY, APRIL 10, 1903.

ACTION in equity to ʳecover on a promissory note, and
asking the foreclosure of a bond for a deed.    Defense,
want of consideration for the note, and a cross petition

asking that title be quieted in the defendants. There was
a judgment for the defendants, from which the plaintiff
appeals.—*Modified.*

*Jno. M. Hemingway* and *J. Y. Luke* for appellant.

*E. P. Andrews* for appellee.

SHERWIN, J.—The note sued on was given by the
defendant Aeiko Koenen on the 10th day of August, 1887.
It is for $1,200 with interest at ten per cent., and was due
August 10, 1892. Its execution and delivery to the plain-
tiff's decedent, C. C. Cowell, is admitted, but it is claimed
that it was without consideration, and given under the
following circumstances: That prior to the 25th day of
February, 1887, the defendant Aeiko Koenen had become
a surety on the note of another for about $150; that suit
was brought on that note against him, and that on said
25th day of February he deeded the land in question to
said C. C. Cowell for the purpose of defeating the collec-
tion of any judgment which might be obtained against him,
and that at the same time he gave Cowell his note for
$1,100, without any consideration therefor; that the note
in suit here was afterwards given in place of the former
one, and was also without consideration. Attached to the
note in suit was a written statement over the signature of
Cowell, as follows: "Hampton, Franklin County, Iowa,
August 10th, 1887. I, Christopher C. Cowell, have this
day given to Aeiko Koenen a bond for a deed to the south
½ of the northwest ¼ section of 4, Township 92, Range 21,
and taken his note for $1,200. He honestly owes me $800.
The remaining $400 is to cover a note and mortgage form-
erly given by Aeiko Koenen on the above described
premises. If Aeiko Koenen pays the former mortgage
of $400 and $800 to Christopher C. Cowell, he will be
entitled to a deed."

Cowell died in June, 1889, and, as is frequently the
case, the courts are called upon to determine the merits of

a controversy between the representative of the dead and the living whose claim is based upon transactions with the deceased. Under section 3069 of the Code, and numerous decisions of this court, the note in suit imports a sufficient and valid consideration, and the burden of proof is upon the defendant to show that it was without consideration. This is also true as to the deed from the defendant to Cowell.

*1. WANT of consideration: burden of proof.*

Both of the defendants testified as to the giving of the $1,100 note, and as to the execution and delivery of the deed to Cowell. If their testimony is considered at all, it furnishes the only evidence as to the note, and shows that the execution thereof and of the deed was one transaction. But these witnesses were both incompetent to testify to this transaction with Cowell, under the Code, section 4604, and their testimony relating thereto cannot be considered.

*2. TRANSACTION with deceased person: competency of witness.*

Rejecting this testimony, there is practically nothing before us sustaining the claim of the defendant as to the note. It is true there is some testimony tending to show that Cowell had taken the deed in question for the purpose of aiding the defendant in defeating a debt which he claimed he should not pay, but this testimony falls far short of proving satisfactorily that Koenen did not owe Cowell a just debt. Indeed we think the entire evidence of the defendaants, including the incompetent testimony to which we have referred, fails to prove a want of consideration for the note given at the time the deed was executed, or for the one in suit. The defendant was contesting the suit which he says was the cause of the conveyance of the land to Cowell, and as a matter of fact the judgment obtained thereon against him was about $56, with costs; and for this small amount he, his brother, and another were liable. It was rendered against him before the note in suit was given and was subsequently paid by one of the

*3. WANT of consideration: failure of proof.*

other judgment defendants. It requires some credulity to believe that one would give his note for $1,200, and permit a voluntary conveyance of eighty acres of land, worth at least $1,600, to stand for years for the purpose of defeating so trifling a judgment against him on the debt of one of is relatives. The testimony as to statements made by Cowell that he was assisting Koenen in defeating the claim is entitled to but slight consideration. Such testimony is generally weak and unsatisfactory, and it appears more so than usual here, given as it was some twelve or fourteen years after the statements are claimed to have been made, and by parties who never had any interest in the transaction

At first blush it appears that the plaintiff's claim is stale, the note becoming due in 1892, and suit not having been brought until 1900. But when it is considered that the note was drawing ten per cent. interest, and was in fact well secured by the deed given in connection with it, and, further, that the wife of C. C. Cowell was his administratrix, and only lived two years after the note became due, and that the administrator who succeeded her died before the estate was closed, it is apparent that it is not an ordinary case of neglect, if any at all is shown. Furthermore, there is nothing in the record tending to show that the defendants are the sufferers by such delay, but rather that the estate is at a disadvantage on account thereof. Cowell and his wife are dead, and the administrator who followed the wife is also dead; while, on the other hand, the defendants do not appear to have been prejudiced by the delay. Equity will not defeat a recovery on the ground of laches unless it is clearly demanded in the interests of justice.

4. LACHES: when will defeat recovery.

The writing attached to the note we do not think competent proof for the appellant, because the only part thereof relevant to the real issue here is a self-serving declaration, and not one against the financial interest of the deceased in any sense of the term.

5. SELF serving declaration.

That the note in suit represents a valid indebtedness to the Cowell estate of $800, we do not doubt. Such being the case, the plaintiff should have judgment for that amount, with interest thereon from the 25th day of June, 1889, at the rate of ten per cent. per annum. Figured to the 1st of March, it amounts to $1,892.28. This judgment is decreed to be a lien on the land in question, subject only to that of the first mortgage of $500 and whatever interest may be due thereon.

On the appeal from the order refusing a new trial on account of newly discovered evidence, we have to say that we do not think a showing of sufficient diligence was 6. PRACTICE: dismissal of appeal. made, and that the ruling was right for that reason. The motion to dismiss because error is not assigned is overruled because of the equitable issue presented by the pleadings, and because of the fact that the case was tried as an equitable cause without objection.

The judgment, as modified, is AFFIRMED.

WEAVER, J.—Taking no part.