W. W. LUTTON, Appellant, v. ELIZABETH STENG et al., Appellees.

No. 40024.

NOVEMBER 12, 1929.

*Wallace & Claypool,* for appellant.

*Seerley & Clark,* for American Savings Bank & Trust Company, appellee.

*Robert J. Shaw* and *Swift, Swift & Elsenbast,* for all other appellees.

STEVENS, J.—Columbus Steng died intestate, September 1, 1928, seized in fee of a certain tract of land in Keokuk County,

which was conveyed to him by general warranty deed on January 24, 1925, by J. L. Lutton. The parties to  this action are the plaintiff, a son of J. L. Lutton's, the heirs at law of Columbus Steng, the administrator of his estate, and several mortgagees, claiming a lien upon the real property on which the buildings in controversy are located.

The evidence is without substantial dispute that appellant, in 1910, erected a dwelling house, a corncrib, and other buildings upon the land of his father, at his own expense, and that he has continuously, with one brief interruption, occupied and used the said buildings for himself, until the commencement of this action. On May 8, 1925, Columbus Steng executed a mortgage upon the land on which the buildings are located, to the appellee American Savings Bank & Trust Company of Burlington, to secure a loan of $25,000, and on August 23, 1928, he gave another mortgage on the same premises to L. A. Andrew, superintendent of banking, as receiver of the North English Savings Bank, to secure a past indebtedness. On April 18, 1929, appellant, W. W. Lutton, gave a chattel mortgage upon the buildings in controversy to Wallace & Claypool, and a second mortgage for $1,000 to W. E. Wallace, to secure certain indebtedness claimed to be owed them.

The court below found that appellant, Lutton, is the owner of the buildings, but that he has been guilty of laches which bars his right to assert such ownership, as against the real estate mortgagees already named. The lien of the two chattel mortgages was established and confirmed by the court, but it was decreed that the same is junior and inferior to the liens of the other mortgages. The plaintiff, W. W. Lutton, and the heirs at law of Columbus Steng, who are made parties, appeal.

The principal defense pleaded and relied upon by appellees and cross-appellants is laches, and that appellant has not come into equity with clean hands. The facts disclosed by the evidence, briefly summarized, are as follows: Appellant married in 1909, and resided for a short time in the home of his parents. In the spring of 1910, under an arrangement with his father, he erected the dwelling house and other buildings on the premises of his father at his own expense, and has had possession and use thereof continuously since that time. Except the ex-

ecution of mortgages by J. L. Lutton without reservation of the buildings, and the failure of appellant to list the same as personal property for taxation, there is little in the evidence to contradict the testimony of appellant and his father. No one denies that appellant erected the buildings at his own expense, or that he has continuously occupied the same. Appellant's claim was known to many in the community, and for most of the period since the buildings were erected, he has carried insurance thereon in his own name. Appellant's claim of ownership of the buildings is, we think, quite conclusively established by the evidence. The agreement, as testified by both appellant and his father, contemplated, if occasion arose, that appellant should have the right of removal. No doubt the parties at the time believed that appellant would inherit the farm. Notwithstanding the fact that J. L. Lutton repeatedly executed mortgages on the land, to secure indebtedness owed by him, without reservation or mention of the buildings, Columbus Steng was fully apprised of the facts, prior to the purchase of the land. The same information was imparted to the president of the North English Savings Bank.

It appears that appellant's wife secured a divorce from him in 1925, but he continued to occupy the dwelling house and to use the buildings erected by him. The possession was open, visible, and unequivocal. The father resided upon the same premises, but occupied a separate dwelling. Such possession imparted notice to the world of the equities and claim of appellant to the buildings. *Suiter v. Turner,* 10 Iowa 517; *Phillips v. Blair,* 38 Iowa 649; *Leebrick v. Stahle,* 68 Iowa 515; *Everts v. District Twp. of Rose Grove,* 77 Iowa 37; *Iowa L. & Tr. Co. v. King,* 58 Iowa 598; *O'Neill v. Wilcox,* 115 Iowa 15; *Crooks v. Jenkins,* 124 Iowa 317; *Levitt v. Brendel,* 163 Iowa 67; *Shepherd v. Delaney,* 191 Iowa 138; *Miller v. Electric Service Co.,* 192 Iowa 1073; *Brunsdon v. Brunsdon,* 199 Iowa 1099. This rule applies as well to personal as to real property. The mortgagees were each, therefore, charged with constructive notice of appellant's claims in the property at the time of the execution thereof.

It is also argued by counsel for appellee that the conveyance by J. L. Lutton without reservation of the buildings in the instrument of conveyance operated as a revocation of the

1382

 license to appellant to maintain the buildings on the premises, and that, as he did not commence this action until October 25, 1928, he is barred by laches from maintaining it. The rule is practically universal that mere delay, without more, in the prosecution of a claim in equity for a period less than the statute of limitations does not constitute laches. Exceptions, when found to exist, are based upon the lapse of very long periods of time. *Carter v. Cohen Bros. I. & M. Co.*, 181 Iowa 588; *Luke v. Koenen*, 120 Iowa 103; *Citizens' Sav. Bank v. Stewart*, 90 Iowa 467; *Long v. Valleau*, 87 Iowa 675; *Williams v. Allison*, 33 Iowa 278; *Sackman v. Campbell*, 15 Wash. 57 (45 Pac. 895); *Boggs v. Dundalk Realty Co.*, 132 Md. 476 (104 Atl. 45); *Baker v. Baker*, 134 Ga. 138 (67 S. E. 541); *Rahm's Estate*, 219 Pa. St. 201 (68 Atl. 186); *Chapman v. Bank of California*, 97 Cal. 155 (31 Pac. 896); *Green v. Grant*, 134 Mich. 462 (96 N. W. 583); *Daniell v. East B. F. Co.* (Mass.), 31 N. E. 711; *Kyle v. Wills*, 166 Ill. 501 (46 N. E. 1121). For laches to be available as a defense, it must appear that there has been an omission on the part of the plaintiff to assert a right, which, in conjunction with the lapse of time, has caused prejudice or damage to the adverse party. *Joseph v. Davenport*, 116 Iowa 268; *Hanson v. Gallagher*, 154 Iowa 192; *Loesche v. Goerdt*, 123 Iowa 55; *Hays v. Marsh*, 123 Iowa 81; *Iowa L. & Tr. Co. v. King*, 58 Iowa 598; *Wenger v. Thompson*, 128 Iowa 750; *Keller v. Harrison*, 151 Iowa 320.

No change in the situation of the parties to this action is shown to have occurred after the real estate mortgages were executed, except a possible depreciation in value of the land. Such depreciation, if shown under the facts of this case, is wholly immaterial to the determination of the rights of the parties. Columbus Steng had actual notice of appellant's ownership of the buildings prior to the conveyance. There was no fraud or bad faith in this transaction on the part of either appellant or his father.

Being in possession of the property, appellant was not required to do more, to impart notice to third parties of his claim. Laches will not be imputed to a person in possession of property,

 real or personal, as against third parties who have contracted in relation thereto without inquiry or investigation as to his right or interest therein. *Youngs v. Youngs,* 197 Iowa 101; *Gray v. Bloom,* 151 Iowa 566; *Keller v. Harrison,* 151 Iowa 320, 322; *Hayes v. Carroll,* 74 Minn. 134 (76 N. W. 1017) ; *Ruckman v. Cory,* 129 U. S. 387 (32 L. Ed. 728). ·

The only conclusion deducible from the foregoing rules is that the plea of laches was not available to any of the parties to this action. They not only had constructive notice of appellant's interest in the property, but they have suffered no possible prejudice by delay in the commencement of this action. The heirs at law of Columbus Steng are in no better position than he would have been; and surely, actual notice to him prior to the purchase of the land of appellant's ownership would defeat a plea of laches in his behalf. It is strenuously argued by counsel that appellant has not come into equity with clean hands. What has already been said and the authorities cited are sufficient on this point.

It follows that the court below was in error in holding that the mortgage executed to the appellee American Trust & Savings Bank and the mortgage executed to L. A. Andrew, receiver of the North English Savings Bank, were a lien upon the property in controversy. Clearly, their respective mortgages were not liens thereon. Title to the property was in appellant, and the chattel mortgages executed to Wallace & Claypool and to W. E. Wallace are a valid lien upon the property, and should have been so decreed. In so far as the decree established a lien upon the buildings in favor of the real estate mortgagees, and decreed the same to be prior and senior to the liens of the chattel mortgages, it is reversed. Appellant should also be given a reasonable time in which to remove the buildings. The cause will be remanded to the court below, for decree in harmony with this opinion.—*Reversed in part and remanded; affirmed in part.*

ALBERT, C. J., and DE GRAFF, MORLING, and GRIMM, JJ., concur.