O. E. ANDERSON, Appellee, v. C. S. RENSHAW et al., Appellants.

No. 44991.

OCTOBER 15, 1940.

Fisher & Fisher, for appellee.

L. A. Riter and Meltzer & Vogl, for appellants.

OLIVER, J.—This is an action against C. S. and Elsie Renshaw, husband and wife, for judgment and foreclosure of their $1,500 note and mortgage made to Alonzo F. Bucknam, March 1, 1923, and due March 1, 1925. This indebtedness represented part of the purchase price of defendants' home in Inwood, Iowa, which was the property covered by the mortgage. Said property was then and has at all times since constituted defendants' homestead. The mortgage provided that the premises were "free from any encumbrance except a mortgage for $2000.00." This $2,000 first mortgage had been made by defendants to a loan association.

Emma Bucknam and F. A. Bucknam, as sole heirs of A. F. Bucknam, deceased, assigned and transferred said second mortgage to Citizens Savings Bank of Lester, Iowa, on August 31, 1929. On October 14, 1932, said first mortgage upon said home-

stead was foreclosed, the bank having been made a party to said suit. Special execution issued and the property was sold at sheriff's sale November 15, 1932. C. S. Renshaw later applied for and apparently secured an extension of the period of redemption. On August 27, 1934, the holder of the sheriff's certificate of sale sold and assigned the same to defendant C. S. Renshaw, and thereafter sheriff's deed was issued to said defendant. In February 1933 the bank had become insolvent and the superintendent of banking was appointed receiver. The Renshaw debt and second mortgage was carried in bills receivable in said bank receivership as item 27,200. At the close of the bank receivership in 1938, this item together with other remaining bills receivable aggregating $17,900 were sold to plaintiff, Anderson, by the receiver at public auction for $90.95. In November 1938 plaintiff instituted this action which, upon trial, resulted in decree for judgment against defendants for the amount due on the note, the establishment of said judgment as a first lien upon the real estate and the foreclosure thereof. From said decree defendants prosecute this appeal.

I. The bank secured the assignment from the Bucknams on August 31, 1929. At the same time appellants and the bank entered into a written agreement which recites that Emma Bucknam and F. A. Bucknam are now the legal owners of said mortgage, which mortgage and the note secured thereby have been lost; that said Bucknams desire to transfer said mortgage to said bank; that said mortgage is a valid lien upon the property in the sum of $1,500 with interest from March 1, 1929, at 7 percent, and will be due on the 1st day of March, 1930, and that when the mortgage is paid it will be satisfied by a written satisfaction without surrender to the makers of the original mortgage and the note secured thereby. Appellee relies upon this instrument as an extension agreement or an acknowledgment of the indebtedness which prevented the same being barred by the statute of limitations.

Appellants contend the foregoing agreement was ineffective to establish or perpetuate a lien against the homestead because the signatures of appellants thereto were not acknowledged. With this contention we do not agree. Had the agreement constituted an encumbrance or contract to encumber the

homestead, the absence of acknowledgment of the signatures of the parties thereto would not have affected its validity. The statute in question requires only that the husband and wife join in the execution of the same joint instrument. Section 10147, Code of Iowa, 1939. Of course, the unacknowledged instrument was not entitled to recordation but this did not affect its validity as between appellants and the bank or the assignee of said bank. Carleton v. Byington, 18 Iowa 482; Richardson v. Stewart, 216 Iowa 683, 247 N. W. 273.

Appellants rely also upon Code section 10057, which requires the acknowledgment and recording of an instrument reserving a vendor's lien for unpaid purchase money. Had the instrument been included in this category, the statute would not be here effective, because it applies only "after a conveyance by the vendee * * *." There was no conveyance by the vendee in this case, nor were there intervening rights of third parties.

Furthermore, under Code section 11018, the instrument is sufficient to constitute an admission in writing that the debt is unpaid and thus prevent the bar of the statute of limitations. See Lackey v. Melcher, 225 Iowa 698, 281 N. W. 225.

II. At the time appellants secured the sheriff's deed under the assigned sheriff's sale certificate, they paid delinquent taxes and spent several hundred dollars for repairs and improvements on the property. This suit was instituted 4 years later, in 1938, a few months after appellee had secured the assignment of the debt and mortgage from the receiver of the bank.

In the meantime after the sheriff's sale under the foreclosure of the first mortgage and before the expiration of the right of the bank to make redemption as a junior lienholder, the examiner in charge of said defunct bank made an investigation from which it was concluded that the value of the property was not sufficient to justify its redemption by the bank. Hence, the bank did not redeem. Thereafter, the paper was not regarded by the examiner in charge as being collectible. It was later appraised at "no value", and, as above noted, was with other items sold and assigned to plaintiff by the receiver for a small consideration. It is argued that this course of conduct by the

defunct bank constituted an abandonment or waiver of its rights or such laches as would bar their enforcement.

We do not think the record indicates an affirmative abandonment. Ordinarily, the receiver of a closed bank would not have authority to abandon an asset without authorization of court. No such authority appears to have been given or asked in this case, nor does it appear that the receiver took such action as would imply an abandonment. The item was continuously carried as an asset of the bank until it was sold by the receiver. That it was not regarded as collectible is, we think, immaterial on the question of abandonment.

Failure of the bank to redeem did not constitute laches on its part. This course of conduct was deliberately adopted. It constituted the relinquishment of only such legal rights as the bank might have secured as a redemptioner and was in effect an election to stand upon any other legal rights which might thereafter remain.

In August 1934 appellants purchased the certificate of sale, secured sheriff's deed thereunder and paid delinquent taxes. At about the same time they made certain repairs on the property. During the ensuing 4 years in which the bank held the paper, appellants occupied the property.

A few days after appellee secured the assignment of the note and mortgage from the receiver of the bank in June 1938 he wrote a letter to appellants demanding payment. This suit was instituted in November 1938 which was within the period fixed by the statute of limitations. Under the circumstances we think the evidence insufficient to establish laches in bringing the action. See Lutton v. Steng, 208 Iowa 1379, 227 N. W. 414.

III. No redemption was made by the bank during the time allotted to creditors. Code section 11776. More than a year thereafter appellants (or C. S. Renshaw), having apparently secured an extension of their period of redemption, prior to the expiration of such extension, acquired the sheriff's certificate of sale and procured a sheriff's deed thereunder. However, appellants as owners of the property had no right to a sheriff's deed and this procedure had only the effect of a redemption by them.

Thus we have a situation in which a junior mort-

gagee, which had been made a party defendant in the fore-closure of a senior mortgage, made no redemption from the execution sale before the expiration of nine months and there-after redemption was made by the debtor. Appellee cites Dickerman v. Lust, 66 Iowa 444, 23 N. W. 916. In that case the holder of first and second mortgages had foreclosed the first. The third mortgage was also foreclosed and the third mortgagee received a sheriff's deed thereunder 2 days prior to the expiration of the year of redemption under the first mort-gage sale. Then the third mortgagee made redemption from the sale under foreclosure of the first mortgage. It was held that he made redemption as owner and that such redemption constituted a payment of the first mortgage and made the second mortgage first. However, no consideration appears to have been given to the effect of the expiration of the 9-months period of redemption allowed the second mortgage as a lien junior to the first. It may also be noted that under the rule of Wells v. Ordway, 108 Iowa 86, 78 N. W. 806, 75 Am. St. Rep. 209, which has been repeatedly cited and followed, the ac-ceptance of the redemption money for the first mortgage by one who also holds a second mortgage extinguishes the lien of the second mortgage.

Apparently this court has never directly determined the effect upon a junior mortgage of the expiration of its 9-months time of redemption. However, the propositions involved have been frequently considered and discussed.

In Witham v. Blood, 124 Iowa 695, 701, 100 N. W. 558, 560, we said:

"True, if the mortgagor retains the title, and redeems af-ter the expiration of nine months, the property will become subject to the claims of his creditors; but such liability will arise under the general law, which subjects the nonexempt property of every person to the payment of his debts, but it does not operate to replace or restore a specific lien which has once been cut off."

Cooper v. Maurer, 122 Iowa 321, 327, 98 N. W. 124, 126, states:

"If, when the process of redemption is complete, the property is again vested in the debtor either by his having been the last to redeem or by conveyance from the holder of a sheriff's deed, then the unsatisfied creditor may reach it, for the simple reason that all the debtor's property is liable for the payment of his debts unless specifically exempted by statute."

Paulsen v. Jensen, 209 Iowa 453, 458, 228 N. W. 357, 359, states:

" * * * a junior judgment lien is extinguished with *the expiration of the period of redemption of the junior judgment lien holder*. When the junior creditor fails to redeem before the expiration of nine months, he loses his lien upon that property. All his rights pertaining thereto are extinguished. If his debtor should redeem from the execution sale, then the lien, once lost, will attach again to the same property in the hands of the same debtor, precisely as it would attach to any other real estate acquired by the debtor, and not otherwise."

See, also, Tirrill v. Miller, 206 Iowa 426, 218 N. W. 303; Stiles v. Bailey, 205 Iowa 1385, 219 N. W. 537; Cadd v. Snell, 219 Iowa 728, 259 N. W. 590; Bates v. Mullins, 223 Iowa 1000, 274 N. W. 117; Pierce v. White, 204 Iowa 1116, 216 N. W. 764.

Although the foregoing pronouncements are largely dictum, we think they are sound and should be followed. The rule is equally applicable to the lien of a junior mortgage. Accordingly, the lien of appellee's mortgage upon the foreclosed property was lost at the expiration of 9 months. However, it was unlike the lien of a judgment, which would automatically attach to real estate thereafter acquired by the debtor. Therefore, it did not again become a lien upon the foreclosed property. Nor could the extinguished lien of said mortgage be re-established in this action.

The foregoing discussion and holding refers to the lien of appellee's mortgage and not to the indebtedness secured thereby. The extinguishment of the mortgage lien did not destroy the debt itself, which was a valid obligation owed by appellants to appellee. Therefore, appellee was entitled to judgment against appellants in the amount thereof. Furthermore, the debt represented part of the purchase price of the homestead property in controversy, which had been sold ap-

100

pellants by Alonzo F. Bucknam, the original payee of said note. Such debt is held to be contracted prior to the acquisition of the homestead and the homestead is not exempt from execution on said judgment. Brunsdon v. Brunsdon, 199 Iowa, 1099, 1102, 1103, 200 N. W. 823, 825, and cases there cited. It is a judgment under which the homestead may be sold, ''to satisfy a deficiency remaining after exhausting the other property of the debtor, liable to execution.'' Subdivision 1 of Code section 10155. Upon its rendition it became a lien upon the homestead the same as a judgment for any other debt incurred prior to its acquisition as such. Execution issued thereunder should be general and other property liable to execution should first be exhausted.

The decree specifically established the judgment as a first lien upon the homestead and ordered the foreclosure thereof and sale of the property under special execution. In these particulars it is contrary to the foregoing pronouncements and should be modified accordingly. In all other respects it is affirmed.—Modified and affirmed.

RICHARDS, C. J., and HAMILTON, SAGER, HALE, BLISS, and MILLER, JJ., concur.

STIGER, J., concurs in result.