**HANSEN–FRIEDRICHSEN, INC., Appellant,**

v.

**CITIZENS STATE BANK OF DONNELL-SON (A Corporation in Liquidation); Bankers Trust Company; and Merle Knuth, Appellees.**

**No. 91–233.**

Court of Appeals of Iowa.

June 25, 1992.

Thomas S. Reavely, Des Moines, for appellant.

Leon R. Shearer and Dean C. Mohr, Shearer, Templer & Pingel, P.C., West Des Moines, for appellees.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HAYDEN, Presiding Judge.

Hansen–Friedrichsen, Inc. and its majority shareholder, Jerry Hansen, were the owners of a 340–acre farm in Dallas County, Iowa. Hansen was born and raised on the farm which had been in the Hansen family for several generations.

On January 13, 1981, the corporation executed a note payable to the Citizens State Bank in the principal amount of $1 million secured by a mortgage dated November 5, 1980. On February 11, 1981, the corpora-

tion executed a second note to the bank in the amount of $2.4 million secured by a second mortgage dated February 13, 1981. Both notes were personally guaranteed by Hansen.

When Hansen and his corporation were unable to make the note payments, the bank filed a petition seeking judgment on both promissory notes and foreclosure of the mortgages. On September 13, 1983, the district court entered partial summary judgment in favor of the bank on the first note and the underlying mortgage in the amount of $1 million. The balance of the suit was dismissed pursuant to Iowa Rule of Civil Procedure 215.1.

On November 14, 1983, the corporation filed for Chapter 11 bankruptcy. The bankruptcy court required the corporation to execute a warranty deed to the farm in favor of the bank in lieu of foreclosure.

On November 13, 1985, the bank instituted a new action seeking payment on the second promissory note. On October 13, 1987, a judgment was entered against the corporation for $338,000 and against Jerry Hansen personally for $2,016,047.

In the crop years 1986 and 1987 Hansen rented the farm from the bank. In March 1988 Hansen was in default under his 1987 lease obligation. On March 30, 1988, the bank leased the farm to Merle C. Knuth. On March 31, 1988, the bank and Knuth entered into a purchase agreement for the sale of the farm for $455,000 with a $25,000 down payment. The purchase agreement was conditioned upon the corporation's right of first refusal. The bank then served a letter dated March 31, 1988, on Hansen and his wife notifying them of their right of first refusal under Iowa Code section 524.910. The letter offered Hansen the right to repurchase the farm within ten days. The right of first refusal deadline was later extended by the bank to April 29, 1988.

On April 11, 1988, Hansen delivered to the bank an acceptance of offer accompanied by a $25,000 check. The terms and conditions of the acceptance included that the property be conveyed free and clear of all liens and encumbrances, including the lien obtained by the bank in November 1987.

The bank treated Hansen's acceptance as a counteroffer and refused to accept it. The bank then conveyed the farm to Knuth upon terms consistent with the offer to purchase.

The corporation instituted these proceedings seeking to set aside the conveyance. After a trial the district court denied relief and dismissed the corporation's petition. The corporation appeals.

Because this case was tried in equity, our review is de novo. Iowa R.App. P. 4. We give weight to the factual findings of the trial court, but we are not bound by them. Iowa R.App.P. 14(f)(7).

"The right granted to the prior owner of agricultural land by section 524.910(2) is sometimes called a right of 'preemption' or of 'first refusal.'" *Knepper v. Monticello State Bank*, 450 N.W.2d 833, 836 (Iowa 1990) (citations omitted).

> A preemption ... requires the owner, when and if he decides to sell, to offer the property first to the person entitled to the preemption. Once the owner decides to sell the property, the preemption ripens into an option. The preemptioner may then elect whether to buy the land. If the preemptioner decides not to buy, then the owner may sell to anyone.

*Id.* at 836–37 (citations omitted).

Iowa Code section 524.910(2) (1989) reads in part:

> Before the state bank sells or otherwise disposes of agricultural land held pursuant to this subsection, the state bank shall first offer the prior owner the opportunity to repurchase the agricultural land on the terms the state bank proposes to sell or dispose of the agricultural land.

The district court found the bank complied with section 524.910(2) by offering appellant the farm on the same terms as it offered and ultimately conveyed the farm to Knuth. Appellant argues the bank did not comply with section 524.910(2) because it refused to offer the farm to the corporation on the same terms and conditions.

The bank maintains it offered the property to appellant on the same terms and conditions as it offered Knuth, however, appellant's acceptance contained additional terms and conditions of the sale. Specifically, the bank contends the acceptance required the property be conveyed free and clear of all liens and encumbrances, including the judgment obtained by the bank in November 1987.

When the bank obtained its judgment in 1987 against the corporation, the corporation did not own the property in question. The farm had been previously transferred to the bank in lieu of foreclosure. Under Iowa Code section 624.23(1), the bank's lien would have attached to any property subsequently acquired by appellant, including the property in question. In essence, appellant asked the bank to forego the attachment of a $338,000 lien without consideration in order to transfer the property.

We find no authority requiring the bank to give up its separate and distinct judgment against the corporation simply because it held a judgment against the corporation and possessed certain duties and responsibilities under section 534.910(2). Nor do we find authority indicating one obtains property free and clear of judgment liens if one exercises his preemptive right. Case law in the analogous situation of redemption supports the bank's position. If the original debtor redeems under the redemption rights granted to him, all judgment liens automatically attach to the property at the time of his redemption. *E.g., Farmers Prod. Credit Assn. v. McFarland*, 374 N.W.2d 654, 657 (Iowa 1985); *Anderson v. Renshaw*, 229 Iowa 93, 98–99, 294 N.W. 274, 277–78 (1940).

We conclude the bank's independent 1987 judgment would have attached to the real property upon the corporation's exercise of its preemptive rights under section 524.910(2). Appellant's request that the bank release its lien was a term and condition not contained in the Knuth offer. Under section 524.910 the bank was only required to offer the property to appellant on the same terms and conditions as it was offered to Knuth. The bank complied with the statutory requirement.

Appellant also contends the bank did not act in good faith in its dealings with the corporation. We determine the alleged acts of bad faith on behalf of the bank did not prohibit appellant from exercising its right of first refusal. Rather, it was the corporation's requirement of additional terms and conditions relating to the 1987 judgment which prohibited the corporation from exercising its right of first refusal. We conclude the bank complied with section 524.910(2) and did so in good faith. We affirm.

Costs of this appeal are taxed to appellant.

AFFIRMED.

HABHAB, J., concurs.

SACKETT, J., specially concurs.

SACKETT, Judge (specially concurring).

I specially concur.

The issue in this appeal is whether a debtor in exercising a right of first refusal under section 524.910(2) takes the land subject to a judgment lien for a note that had been secured by a mortgage on the land.

Plaintiff-appellant Hansen–Friedrichsen, Inc., and Jerry Hansen, in lieu of foreclosure, conveyed to defendant-appellee Citizens Bank a 340–acre farm in Dallas County. After the conveyance, Citizens Bank obtained a judgment against plaintiff on a promissory note secured by a second mortgage on the real estate. Citizens Bank sought to sell the Dallas County farm. Section 524.910(2) gave plaintiff the right of first refusal on an offer defendant bank received for the farm. Defendant bank received an offer from defendant Merle Knuth. When plaintiff was notified of Knuth's offer, plaintiff offered to buy the parcel on the same terms and conditions as Knuth. The bank did not consider the two offers identical because plaintiff's offer called for the property to be conveyed absent any lien on the judgment for the promissory note that had been secured by a second mortgage. Plaintiff contends the

offers are the same because in either case the bank would convey fee simple title.

The issue is not one of the bank giving up its judgment against the plaintiff. The issue is the bank giving up any lien the judgment would impose on the 340 acres. The plaintiff is not contending the defendant give up the judgment, only the lien.

Plaintiff seeks to put itself in a position comparable to a redeeming debtor under section 628.2, which provides in relevant part:

*     *     *     *     *     *

Any real property redeemed by the debtor shall thereafter be free and clear from any liability for any portion of the judgment under which the real property was sold.

However, I do not construe section 524.-910(2) to give plaintiff the right to repurchase the property free of a lien of a deficiency that would attach on repurchase.