GILBERT V. GILBERT ET AL.

1. **Trust**: AUTHORITY OF TRUSTEE. A trustee who is clothed with power to encumber an estate by mortgage, for the purpose of raising money to discharge a debt against it, cannot render the estate liable by the execution of a mortgage in his individual capacity, and such a mortgage cannot be enforced against the principal or his devisees.

2. **Mortgage**: PRIOR INCUMBRANCER: SUBROGATION. The execution of a mortgage to raise money with which to discharge a prior incumbrance, will entitle the mortgagee, upon the application to that object of the money thus raised, to be subrogated to the rights of the prior incumbrancer.

*Appeal from Scott District Court.*

SATURDAY, OCTOBER 24.

SUIT in equity to foreclose a trust deed, and to bar conflicting equities. The defendants are Elias S. Gilbert, a brother of plaintiff, and who is made defendant in his individual capacity, and also in his capacity as executor and trustee under the will of Caroline E. P. Gilbert, deceased, who was formerly his wife, Cyrus Pitt Gilbert and Carra Glenn Gilbert, children of said Elias S. and Caroline, and devisees of the latter, and Edwin W. Gilbert, also a brother of plaintiff. The pleadings raise the issue as to the validity of plaintiff's notes and trust deed, the power of Elias S. Gilbert, trustee under the will, and the priority of right under the different incumbrances. The facts are stated in the opinion. The court below gave plaintiff a judgment for the amount of his claim, but made only $1,641.25 a lien. Both plaintiff and Cyrus and Carra Gilbert appeal.

*Bills & Block*, for plaintiffs.

*Putnam & Rogers* and *D. B. Nash*, for defendants.

COLE, J.—On October 29, 1861, Caroline E. P. Gilbert, who was then the owner of the real estate in controversy, together with Elias S. Gilbert, her husband, executed a deed of trust

thereon to Austin Corbin, trustee, to secure eleven promissory notes payable to W. P. Wheeler, or order, to-wit: one for $7,000, due in five years, with ten per cent. interest after maturity, and ten notes each for $350, payable respectively at the expiration of each successive six months, with like interest after maturity, they being for the accruing interest on the principal sum. The deed of trust was duly recorded November 20, 1861, and at the same time the notes were indorsed "without recourse to me in any event. W. P. WHEELER." Afterwards Caroline E. P. Gilbert died and left a last will, which was admitted to probate January 26, 1864, whereby she made her husband, the defendant, Elias S. Gilbert, executor and trustee with full power to sell or dispose of the real estate in controversy to pay off the incumbrances, or for any other purpose considered proper, and to make trust deeds, mortgages, and conveyances. The devisees and chief beneficiaries of the will are the defendants, Cyrus and Carra Gilbert.

September 8, 1864, Austin Corbin declined, in writing, to act as trustee, and pursuant to an authority given in said deed of trust, the couty judge appointed John P. Van Patten trustee in his place. January 2, 1867, the defendant, Elias S. Gilbert, for value received, executed his note to the plaintiff, or order, for $3,000, payable ten days after date with nine per cent. interest, and at the same time and for the purpose of securing the payment of said $3,000, delivered to said plaintiff the ten notes for $350 each, made by Caroline E. P. Gilbert to W. P. Wheeler, and indorsed as above stated, to be held by plaintiff as collateral security, with the written stipulation that the plaintiff might collect the same by foreclosure of the trust deed, but not during the lives of either the father or mother of said Elias S. Gilbert, and that when collected, the excess above paying the $3,000 note should be paid over to said Elias S. Gilbert.

On February 27, 1868, Austin Corbin and W. P. Wheeler executed an instrument in writing, purporting to sell and assign said deed of trust to Elias S. Gilbert, without recourse on either of them, which was acknowledged and recorded May 26, 1868. Afterwards, and on June 10, 1870, Elias S.

Gilbert, as trustee under the will of Caroline E. P. Gilbert, together with Cyrus P. and Carra G. Gilbert executed a mortgage upon the real estate in controversy, (so far as not released), to secure the payment of notes for $7,362, and this mortgage was duly recorded June 13, 1870; and on the same day of the record thereof, to-wit: June 13, 1870, the said Elias S. Gilbert, as assignee of the deed of trust, executed and had recorded an instrument in writing purporting to acknowledge full payment and satisfaction of all the notes secured by the trust deed, and to release and discharge the deed of trust.

It also appears that on January 1, 1859, Caroline E. P. Gilbert, and her husband, Elias S. Gilbert, executed to D. C. Marshall a mortgage upon the same real estate in controversy to secure the payment of the sum of $7,000; that on November 6, 1863, a judgment of foreclosure was rendered thereon for $6,800. This, it is not controverted, is or was for the amount due thereon, a lien prior to all others. And on January 13, 1860, Edwin Gilbert deceased, the father of this defendant, Edwin Gilbert, obtained a judgment in the Scott District Court against Caroline E. P. and Elias S. Gilbert for $1,245.44 debt, $5.50 costs. This, it seems, was also a lien on the land in controversy, prior to the trust deed and all other liens. These are substantially all the uncontroverted facts, or facts of record.

It further appears from the evidence, as we find it, that at the time the deed of trust was executed, Caroline E. P. Gil-

1. TRUST: bert was sick with a sickness from which she was
powers of
trustee not expected to, and did not, recover; that the deed of trust was executed for the purpose of borrowing money upon it, and was made to Austin Corbin, who was the financial agent and attorney for the said Caroline, and the notes were made to W. P. Wheeler, a citizen of New Hampshire, for whom the said Corbin had before loaned money in Iowa, and acted as agent, and whose indorsement of the notes without recourse, the said Corbin subsequently obtained. The trust deed and notes appear to have been taken by said Corbin at the time they were executed; but they were, in fact, never negotiated to any one until they were delivered to this plaintiff, which was long after the death of said Caroline.

This. plaintiff had . knowledge of such facts, or at least he took the interest notes after their maturity, and is, therefore, vulnerable to all defenses existing against them in the hands of the party from whom he received them, at the time they were received. And beyond question, Elias S. Gilbert, from whom he received them, could not have enforced them against the estate of Caroline E. P. Gilbert, or against her devisees, Cyrus and Carra Gilbert. And if it should be conceded that Elias S. Gilbert, as trustee under the will, had the power to borrow the money of plaintiff as such trustee, and bind the estate therefor, it would not render the estate liable directly to this plaintiff, because he did not profess to act as trustee in the transaction, nor seek to bind the estate by it. The court did not, therefore, err in adjudging that the plaintiff, as against the devisees, had no right to foreclose the trust deed for the satisfaction of the notes in controversy. This disposes of the plaintiff's appeal.

The defendants appeal because the District Court allowed the plaintiff a lien upon the real estate in controversy, for a thousand dollars with its interest, aggregating $1,641.25, at the time of the judgments, subject to the lien of the defendant, Edwin Gilbert. We find from the evidence that at the time Elias S. Gilbert obtained the money from the plaintiff, and gave the note for $3,000, and for securing the payment of which he gave the ten interest notes as collateral, it was understood and agreed between them that the sum of $1,000 of the money then advanced by plaintiff should be paid upon the Marshall judgment or mortgage, which was a prior lien to the trust deed, and that, by such payment, the plaintiff's security would be enhanced; and that, pursuant to said agreement, Elias S. Gilbert did pay said one thousand dollars upon said judgment and lien. Afterwards the balance of said judgment was paid out of the money borrowed from the defendant, Edwin Gilbert, and secured by the mortgage to him, above described, and for a further or better security, the balance of said judgment was assigned to him. Elias S. Gilbert was expressly authorized by the will to borrow money to pay off said judg-

2. MORTGAGE: prior incumbrancer: subrogation.

ment or encumbrance, and to pledge or encumber the property of the estate therefor. He did borrow and use the $1,000 for that express pupose, and undertook to bind the estate therefor. The transaction has resulted in a benefit to the devisees or beneficiaries of her estate, Cyrus and Carra Gilbert, and the plainest equity demands that the plaintiff, having under such circumstances relieved them from that much of their burden, should have his lien therefor. It is so very clear, plain and ·wholesome equity and justice that we cannot hesitate to approve the wisdom of the District Court in allowing the lien.

This disposes of the defendants' appeal, and results in ordering the entire judgment

AFFIRMED.