ROBERT ELLIOT, Appellee, v. H. P. LANE *et ux.*, Appellees ; NANCY J. JENKS, Intervenor, Appellant.

**Title to Real Estate:** UNRECORDED DEED: POSSESSION: NOTICE. The possession of a farm by a woman under an unrecorded deed from her son-in-law, who continued after the execution of such deed, as before, to reside on said farm, and to give somewhat of his time and attention to the business thereof, and with whom said grantee resided as a member of his family, will not be sufficient to impart notice of title under said deed, even though such grantee managed the business of the family, and sold the produce and stock raised on the farm, but failed to exercise exclusive control thereof.

*Appeal from Allamakee District Court.*—HON. L. O. HATCH, Judge.

WEDNESDAY, MAY 20, 1891.

ACTION in chancery to foreclose a mortgage upon more than one thousand acres of land, brought against the mortgagors, Lane and wife. Nancy J. Jenks intervenes, claiming to hold the title to the land under a conveyance to her by the mortgagors, before the mortgage was executed, under which she has continuously held possession of the land. Upon a trial on the merits, the mortgage was foreclosed, and the petition of the intervenor was dismissed, and she appeals.—*Affirmed.*

*Stilwell & Stewart,* for appellant.

*D. W. Reed* and *J. H. Trewin,* for appellee.

BECK, C. J.—I. No question arises on this appeal upon the decree of foreclosure and the judgment against the mortgagors, Lane and wife, further than they would be affected by the intervenor's claim, should it be

sustained. The mortgagors do not appeal, and, therefore, the correctness of the decree of foreclosure and of the judgment, as against them, is not brought in question.

The only questions before us for consideration relate to and involve the intervenor's claim to a large part of the land, which is pleaded in her petition. It is based upon these alleged facts, set out in the petition of intervention: Prior to and at the time of the execution of the mortgage in suit the intervenor alleges that she was the owner of all the land involved in this suit, except one hundred and sixty acres, and in possession thereof and such ownership and possession has continued to the present time. She alleges that she acquired title by a deed of conveyance executed by the mortgagor and wife in 1873, which, however, has never been recorded, but that her possession of the land has been of such a character as to impart notice to the world of her title and interest therein. The plaintiff maintained that the unrecorded deed under which the intervenor claims is shown by the evidence to be a forged instrument, and to have been given without consideration and never delivered to her. We waive the consideration of these positions of counsel, as it becomes unnecessary, in view of the fact that we reach the conclusion that the decree of the district court ought to be affirmed upon other grounds.

II. In our opinion, the evidence fails to establish such a possession of the land in the intervenor as in the law will impart notice of the title acquired by the unrecorded deed. The character of the claim of possession is shown by the following facts, which we find upon the evidence presented in the abstract: The intervenor is the mother of the wife of Lane, who is joined with him as a defendant in this action. The land was conveyed in 1871 to Lane by the person then holding the title thereto. In 1872 the unrecorded deed thereto was executed by Lane and wife to the intervenor who at the time was living on the land, which was used

as a farm, with Lane and his family. She had no separate possession of the house, but lived in it as one of the family, composed of Lane and his wife and family and herself. They all constituted one family. It appears that Lane gave attention to the business of the farm, and so did the intervenor, and she possibly more frequently transacted such business than Lane, as he was often absent transacting business elsewhere. It is claimed, and probably the evidence so shows, that she managed the business of the family, and sold the produce and stock raised on the farm, which was sometimes done by Lane as her agent. But it is not shown that she exercised the exclusive control of the land, and that her possession was of such a character as to be inconsistent with the ownership of the land by Lane. He lived upon the land, and was the head of the. family, occupying it as a home, and exercised authority to some extent over the farm and the business of farming. His possession indicated ownership, for it proclaimed that he was the head of the family, and exercised ownership over the land. The possession of the intervenor, as shown by the evidence, was manifested. by her connection with the farming operations and business, and was wholly consistent with the idea of the ownership of Lane. If the intervenor indeed owned the lands, she failed by her conduct to proclaim her ownership, and neglected to fly the flag of her independent authority, manifested by acts indicating exclusive ownership over her dominions. She thus left the world in ignorance of her claims of right to the lands. The possession of land which will impart notice of title thereto must be adverse, exclusive, open, unequivocal and notorious, and must be inconsistent with the claim of any other person. *Lindley v. Martindale*, 78 Iowa, 380 ; *Iowa Loan & Trust Co. v. King*, 58 Iowa, 598 ; *Thomas v. Kennedy*, 24 Iowa, 397 ; *Townsend v. Little*, 109 U. S. 504 ; 3 Sup. Ct. Rep. 357. We reach the conclusion that the intervenor's possession was not of the character required by the law to

impart to plaintiff notice of her claim of title, and that, therefore, the plaintiff's mortgage is paramount to her title.

The decree of the district court dismissing the intervenor's petition, which is alone appealed from, is AFFIRMED.