WALDEN v. WILLIAMS.

Opinion delivered March 5, 1917.

1.   TITLE—PRESUMPTION FROM POSSESSION.—Possession is presumed to follow the true title, and those who deal with the owner of the record title are warranted in treating him as being the exclusive owner. In order that actual occupancy be constructive notice of ownership it must be apparently exclusive.

2.   TITLE—JOINT POSSESSION.—Possession to be notice must be not only open and visible, but exclusive; a possession held jointly with another person is not an exclusive possession, nor such as to operate as notice, or to excite inquiry.

3.   MORTGAGES—UNRECORDED DEED.—A. held the record title to land, and deeded a portion to B., but this deed was not recorded. A. then mortgaged the property to C. at the time occupying the property jointly with B. *Held,* C.'s mortgage was paramount, he having neither actual or constructive notice of B.'s deed.

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; reversed.

*John E. Miller,* for appellant.

1. Walker had no interest in the land at the time of the mortgage. Williams and Walker doubtless were cotenants, but their agreement was verbal until long after the rights of appellant accrued. Their agreement was void. Kirby's Digest, § 3654; 41 Ark. 169; 44 *Id.* 79; Am. Ann. Cas., 1913 E. 655. Walker's possession was not open, adverse nor exclusive and hence not notice.

2. Appellant was an innocent purchaser. 49 Ark. 217; 71 *Id.* 31; 27 Cyc. 1187; Burdick on Real Prop., § 201.

*Brundidge & Neelly,* for appellees.

1. Walker had an interest in the land but was not a cotenant. At the time of his purchase he was a stranger and purchased under a parol agreement and was placed in possession. 44 Ark. 79; 21 *Id.* 137; 42 *Id.* 246.

2. Appellant was not an innocent purchaser. Actual possession with visible indications of occupancy and ownership is notice to the world. 33 Ark. 465; 96 *Id.* 609; 49 *Id.* 217; 71 *Id.* 31; 27 Cyc. 1187.

The chancellor's findings are sustained by the evidence.

McCulloch, C. J. This was an action in the chancery court of White County to quiet title to a small tract of land thirty-five yards wide and 150 yards deep, situated at a village or country store and postoffice in White County, known as "Walker's Store."

The tract of land was originally owned by P. G. Williams, who had the record title and who on February 20, 1908, mortgaged it to appellant, J. M. Walden, to secure a debt in the sum of $550 for borrowed money, evidenced by promissory note. The debt was not paid and appellant foreclosed the mortgage under the power therein contained, and purchased the land at the mortgage sale, which was made on May 8, 1915. On February 25, 1915,

P. G. Williams executed to appellee, John T. Walker, a warranty deed purporting to convey an undivided one-half interest in a portion of said tract, being 100 feet square, beginning at the southeast corner, and the present controversy is between appellant and appellee Walker, concerning the priority of their respective titles acquired under said conveyances from Williams. The deed from Williams to Walker recites a consideration of the payment of the sum of $12.50 on April 1, 1901, and also the construction of a storehouse on the lot in question. Walker claims to have purchased an undivided one-half interest in the land from Williams in April, 1901, and paid in consideration the sum of $12.50 and built a storehouse which cost from $250 to $300, and that the deed was not executed until February 25, 1915, but he claims that he was in possession of the lot in the meantime, and that appellant had actual as well as constructive notice of the conveyance at the time Williams executed the mortgage. The case was heard by the chancellor on the evidence adduced and the court found in favor of appellee Walker, sustaining the priority of his title to the undivided one-half interest conveyed to him by Williams, and an appeal is prosecuted in this court by appellant Walden.

It appears from the testimony that Williams and Walker formed a partnership to conduct a mercantile business at the place in question in the year 1901, and built a small frame storehouse in which they did business for several years. They both testified that an agreement was entered into whereby Williams sold to Walker an undivided one-half interest in the portion of land hereinbefore described and the consideration of $12.50 was paid, and Walker built the storehouse, which probably cost $250. Another small building already on the lot was moved up to the new house and joined to it. Those parties conducted the mercantile business in the store for several years, and thereafter rented out the property to tenants from time to time and collected the rent.

The evidence is sufficient to warrant the finding of the chancellor that there was in fact a sale of said interest made by Williams to Walker upon the terms stated above, and that said parties jointly occupied the premises thereafter.  There was no deed executed, however, and at the time that Williams mortgaged the land to appellant he held the record title.  Appellee attempted to prove that appellant had actual notice of Walker's interest in the lot at the time the mortgage was executed, but, this was disputed by appellant, and there is a sharp conflict in the testimony on that issue.  Williams testified that at the time he mortgaged the property to appellant he told the latter that Walker had an interest in the property, but that he (Williams) had never executed a deed to Walker.  Appellant testified in the case and denied that Williams gave him any information concerning the alleged interest of Walker, or that he had received any information on the subject from any other source, and he testified positively that he had heard nothing of Walker having any interest in the property until after his foreclosure sale.  Williams was contradicted by two witnesses, relatives of appellant, who both testified that they approached Williams on the subject of a sale of the property and asked him to sell it to them, but he declined to do so, and stated that Walker had tried to buy the property and he refused to sell it.  The testimony of Williams to the effect that he gave appellant notice of Walker's interest in the property is entirely uncorroborated, and after carefully considering it as it appears in the record, it does not appear to us as being at all convincing.  In fact, his own statement is wholly at variance with his conduct in executing to appellant a mortgage conveying the entire tract.  Appellant was a farmer, living several miles away, and he testified that he had no reason to believe that Walker had any interest in the property and he was not so informed at the time he accepted the mortgage.

Upon consideration of the inherent weakness of the testimony of Williams and its contradiction by the testi-

mony of other witnesses, we are of the opinion that the testimony produced on this point by appellant clearly preponderates over the testimony of Williams himself, and that it was not sufficient to sustain a finding in favor of Walker upon the question of actual notice to appellant of Walker's interest in the property. Nor do we think that under the facts in the case appellant is chargeable with constructive notice of Walker's adverse interest, for Walker's occupancy was a joint one with Williams and is referable to the latter's record title. In order that actual occupancy be constructive notice of ownership it must be apparently exclusive. Otherwise, the possession is presumed to follow the true title and those who deal with the owner of the record title are warranted in treating him as being the exclusive owner. *Haines* v. *McGlone,* 44 Ark. 83; 27 Cyc. 1187-8; *Elliott* v. *Lane,* 82 Iowa, 484; *Hammond* v. *Paxton,* 58 Mich. 393; and *Roderick* v. *McMeekin,* 204 Ill. 625. ''Possession to be notice,'' said the Illinois court in the case quoted above, ''must be not only open and visible, but exclusive. A possession which he held jointly with another person is not such a possession as is exclusive, or operates as notice, or to excite inquiry.''

Appellant having had no notice, either actual or constructive, of the alleged interest of Walker in the property, his title under the mortgage executed by Williams is superior to the interest of Walker and the chancery court erred in declaring Walker's title to be superior to that of appellant. The decree is, therefore, reversed and the cause remanded with directions to quiet the title to the whole of the tract of land described in the mortgage executed by Williams.