George W. Ferguson, Appellee, v. William B. White et al., Appellants.

No. 41042.

February 9, 1932.

1054

Clifford B. Paul, for appellants.

Donnelly, Lynch, Anderson & Lynch, for appellees.

EVANS, J.—The plaintiff, Ferguson, was the holder of a mortgage for $11,000 upon the farm of William B. White, comprising eighty acres. The foreclosure suit was begun on June 16, 1930. The only defendants named in the petition were William B. White and his wife, Blanche. The petition prayed for a Receiver pursuant to the terms of the mortgage. On June 30, an amendment was filed, asking for a temporary Receiver to be appointed forthwith. A notice was served upon the defendants William and Blanche White to the effect that a hearing would be had on such application on the 7th of July. No appearance was made by the defendants to such application, and the appointment of a temporary Receiver was made upon such date.

On September 30 following, the decree of foreclosure was entered, and the appointment of the temporary Receiver was made permanent. On October 20, 1930, a supplementary petition was filed by the Receiver in the case, wherein he applied for an injunction to issue against the defendants, restraining them from interfering with his possession of the premises. A hearing was had upon this application. In this supplementary proceeding the lessee, Leonard White, and the assignee of the lease and rent notes, Citizens Savings Bank, intervened, and asserted their right to maintain the possession of the premises and to appropriate the rents and profits thereof. No appearance was made by the principal defendants at this hearing. The appeal now under consideration was from the order of the court entered in this supplementary proceeding, which order supported the application of the plaintiff and denied the contentions of the interveners.

The lessee, Leonard White, was the son of William B. and Blanche White, and was a member of the family, with his par-

ents. He was twenty-three years of age. He had been at all times since the execution of the mortgage a member of his father's family, and with the family had resided upon this farm. The lease was executed on June 7, 1930. The rent agreed upon was $850.00 per year for two years, and notes were executed by Leonard for such amount. The lease and the rent notes were thereafter sold and assigned to the other intervener, Citizens Savings Bank. This bank was the creditor of William B. White to the amount of $5700. The plaintiff pleaded, and the court by its decree found, that the whole proceeding of leasing and of transferring the rent notes to the Citizens Savings Bank was a fraud and a sham. Stress is laid upon the relation of the lessee to the lessor. It also appears that the son had no capital, and that he farmed the place pursuant to the lease with the use of his father's horses and implements. The parents continued to live on the farm as before, and the lessee, son, lived with them. The live stock of the parents was kept upon the place. These consisted of a cow, a heifer, a calf, and a shote. These are the circumstances that are mainly relied on to characterize the transaction as fraudulent. We find no quality of fraud in them. The right of the father and son to enter into such a lease is undebatable. The father had been unable to meet the interest payment upon the mortgage, and we may assume that he feared a foreclosure thereof. If such was his apprehension, he was not under legal duty to carry on farm operations throughout the summer of 1930 for the benefit of the mortgagee. He had carried on such operations up to this date. He had planted thirty-six acres of corn and seven acres of oats. Such was the growing crop on the farm on June 7, 1930. The rest of the land was a mere pasture. The son, who had previously aided his father in the farm work, could lawfully be unwilling to carry on such farm work for the benefit of the mortgagee. The mortgagee had no interest in forcing directly or indirectly an abandonment of the farm operation. If the son was willing to take a lease from his father and to incur responsibility for its obligations, he had a clear legal right to pursue such a course. The other intervener had a like legal right to purchase the rent notes at any time prior to the commencement of the foreclosure proceedings. True, such purchase worked against the interest of the mortgagee. But the said purchaser was a bona-fide creditor, and an

unfortunate one. It surrendered $5700 of the mortgagor's notes as a consideration for the purchase of the rent notes. We hold, therefore, that if the plaintiff is entitled to the decree, his rights must be predicated upon other ground, and not upon the ground of fraud.

■ II. The intervener-bank pleaded that it had purchased the rent notes on or about the date of their execution. Its proof at this point was unsatisfactory. Concededly the purchase was not made on the date of June 7. No one was able to testify as to the exact date, and the testimony of intervener was directed to an approximate date. The entries in the books of the bank were an important circumstance. The trial court found that the purchase was not made until after June 16. We think this finding of fact by the district court must be sustained here, under the evidence, the weight of which indicates that the purchase was made "two or three weeks after the execution of the notes." This fact is quite fatal to the claim of this intervener. As between the mortgagee and the mortgagor, the right of the mortgagee to the accruing rents attached immediately upon the commencement of the suit. The transfer of the rents after such date was an invasion of a right already vested in the mortgagee. In the transfer of the rents, the intervener took an assignment of the written lease and of the rent notes, and no issue is made on the question of notice to, or by, either party.

Under our repeated decisions, the right to the rents and profits fully accrued to the mortgagee upon the commencement of his suit. Hakes v. North, 199 Iowa 995. We need not pursue further this branch of the appeal.

■ III. The infirmity in the contention of intervener Leonard White is that he failed to reveal himself as a lessee until after the receivership proceeding had gone to final adjudication.

■ It is argued for this appellant that he was in possession of the land, and that such possession imparted notice to the mortgagee and to all others. It is undoubtedly true that ordinarily the possession of real estate by a lessee imparts notice to all persons of his right therein. But in order to serve such function, the possession must be visible, open, unambiguous, and ordinarily exclusive. In this case this land had been occupied by this family for many years, and ever since the date of the

mortgage. William B. White, the mortgagor, was the head of this family, and was likewise holder of the legal title of the land. The same family continued in possession after the execution of the lease in precisely the same manner as they had done before. The father and mother had a homestead right therein, and to all appearances they were exercising such right. The father's possession was a proclamation of *right* of possession on his part. If we say that the possession of the lessee was also a proclamation of *right* on his part, then the two proclamations were contradictory. It must be said, therefore, that the presence of Leonard upon this farm, under the circumstances disclosed, did not, as a matter of law, impart notice of his lease. Lindley v. Martindale, 78 Iowa 379.

There was no other evidence of notice to the mortgagee. When the mortgagee brought his foreclosure suit, he was entitled to proceed to a full adjudication of all his rights under the mortgage. If he had notice, either actual or constructive, of the existence of the lease to Leonard, it would have devolved upon him to implead Leonard in his foreclosure suit in order to bind him by adjudication. In the absence of such notice, he was not bound to implead. In such case it devolved upon the lessee to intervene, and to set up his claim in the foreclosure suit. Such was our holding in Browne v. Willis, 199 Iowa 453, and Keenan v. Jordan, 204 Iowa 1338.

Notwithstanding the absence of notice to the mortgagee, the lessee still had the right to make timely intervention in the foreclosure suit. He failed to do so. Final decree in the foreclosure suit was entered on September 30. In supplementary proceedings later instituted by the Receiver, and on October 20, 1930, both interveners appeared and set up their claims. It was too late. There was no petition or motion to set aside the decree or to open up the case. The decree was allowed to stand as a verity, and this became binding upon the interveners though they were not parties thereto. We need not pursue the discussion further. We are impressed with the probability that the questions we have discussed are already moot, so far as this intervener is concerned. Whether he is now in possession or out of it does not appear in the record before us. In either case his lease terminates on March 1, 1932. The order appealed from was entered in

October, 1930. The appeal has only just reached us, and we are giving it prompt consideration.

Sufficient here to say that both interveners are confronted with an adjudication which is binding upon them.

Subject to the foregoing modification of the findings of the court, as herein indicated, the decree below is otherwise affirmed.—Modified and affirmed.

WAGNER, C. J., and MORLING, KINDIG, and GRIMM, JJ., concur.