LUELLA BURMEISTER, Appellant, v. J. J. WALZ et al., Appellees.

No. 41787.

June 20, 1933.

Herminghausen & Herminghausen, for appellant.

Mohland & Kuhlemeier and Fischer & Cray, for appellees.

Stevens, J.—This case presents little difficulty either on the merits or the legal propositions involved. Title to real property appears to have been in Louise Gibson who, with her husband, executed a mortgage thereon to the Danville State Bank to secure a loan of $15,000. Thereafter the husband died. Louise then became involved in some way with Ray Walz, a son of appellee J. J. Walz, who was also married. His wife, Edith, successfully maintained an action against Louise for damages in the sum of $5,000 for the alleged alienation of her husband's affections. Louise thereupon executed a mortgage for $5,000 to Edith to secure the payment of the judgment previously rendered. Subsequently Edith instituted foreclosure proceedings upon the $5,000 obligation. Appellee J. J. Walz came to her rescue, loaned her $5,000, taking a second mortgage to himself upon the land to secure the payment thereof. Thus Louise became indebted $20,000, all of which was secured by mortgage on her farm. Subsequently the Danville State Bank brought an action to foreclose its $15,000 mortgage. Appellee Walz at or about the same time commenced an action to foreclose the $5,000 mortgage held by him. Thereafter a loan of $11,500 was negotiated by Louise Gibson and Ray Walz, who apparently lived with her, from the appellee First Iowa State Trust & Savings Bank, to secure the payment of which they executed a mortgage upon the farm. To make up the deficit, the appellee J. J. Walz loaned Louise $5,500, taking a mortgage of $10,500, the full amount then due him, upon the land. Later, action to foreclose the $11,500 mortgage, executed to appellee bank, was begun. Appellee Walz also instituted an action to foreclose the $10,500 mortgage held by him. It thus appears that the $15,000 mortgage, with accumulations held by the

Danville State Bank, was paid as follows: $11,500, the proceeds of the loan obtained by Louise Gibson and Ray Walz from appellee bank and $5,500 advanced by appellee J. J. Walz. Judgment and decree in the foreclosure action commenced by appellee bank on the $11,500 mortgage was entered for the amount due and special execution awarded. Special execution duly issued, and the land was sold at execution sale to the mortgagee, appellee bank, and sheriff's certificate of purchase issued to it. Subsequently appellee J. J. Walz and wife borrowed $11,500 from the appellee First Iowa State Trust & Savings Bank, securing the payment thereof by mortgage upon the land and the assignment of the certificate of purchase. At the expiration of the period of redemption, J. J. Walz received a sheriff's deed, thereby becoming vested with such title as had been obtained by virtue of the execution sale.

Prior to the execution of the mortgage for $11,500 by Louise Gibson and Ray Walz to appellee bank and the $10,500 mortgage to appellee Walz, Louise Gibson executed a deed conveying the property to her sister, the appellant herein. This deed was withheld from record until after the date of the execution sale referred to. It was, however, recorded before the sheriff's deed was, in fact, executed and delivered to Walz. Much of the testimony introduced upon the trial in behalf of appellant is of doubtful veracity.

It is the contention of appellant that appellee J. J. Walz had actual notice of the deed from Louise to appellant prior to the execution of the two mortgages now in controversy and that both appellees had constructive notice of appellant's ownership of the farm. Appellant, Louise, and Ray Walz, each testified that appellee J. J. Walz was fully advised of the execution of the deed prior to the date of the mortgages in question. This appellee denies. We are inclined to credit his testimony. It is scarcely conceivable that he would have made an additional loan of $5,500 to Louise and have taken a mortgage for $10,500 to secure the payment of that sum if he had known that she was not the owner of the property. It will be remembered that the original loan of $5,000, made by him to Louise, was prior to the date of the deed and a valid lien on the land. It is likewise improbable that Louise would have negotiated a loan for $11,500 of the appellee bank with the conscious knowledge that she was not the owner of the land or that she had no right to do so. Surely she would not have perpetrated a fraud upon the bank in this way.

The testimony in behalf of appellant at this point is so contrary

to human nature and experience as to seriously tax the credulity of the court.

■ Upon the question of constructive notice, we think appellant has again failed to make the necessary proof. The law is well settled that a purchaser of real property is bound to take notice of the rights of one in possession. Louise continued to occupy and manage the farm, so far as the public was concerned, the same as she had prior to the execution of the deed. Ray Walz continued to reside at her home and to cultivate the land. She received the proceeds, transacted the business in her own name, and paid creditors the same as before. The land was taxed in her name, and she admits that she was to pay the interest on the loans. The claim now asserted that what she did was in obedience to the directions of appellant is not persuasive. There appears to have been a small house, in addition to the one occupied by Louise, upon the premises. Appellant claims to have moved her household goods into this house and to have lived there part of the time. We find no testimony in the record tending to show that she ever at any time, or to any person, made claim to the ownership of the premises. There was no such change in the occupancy or possession of the premises after the deed was executed as to impart constructive notice of the claim of appellant to the public. Ferguson v. White, 213 Iowa 1053, 240 N. W. 700; Elliot v. Lane, 82 Iowa 484, 48 N. W. 720, 31 Am. St. Rep. 504; Iowa Loan & Trust Co. v. King, 58 Iowa 598, 12 N. W. 595; Lindley v. Martindale, 78 Iowa 379, 43 N. W. 233; Rogers v. Hussey, 36 Iowa 664; May v. Sturdivant, 75 Iowa 116, 39 N. W. 221, 9 Am. St. Rep. 463.

There is nothing in the record tending directly to prove that appellees were charged with constructive notice of the claim now asserted by appellant, and the nature of the transactions had tended strongly to corroborate the testimony of J. J. Walz that he was without actual notice thereof.

■ Whatever may be the truth as to appellant's claim of actual notice to appellee Walz, the decree of the district court must, for at least one other reason, be affirmed.

It is conceded by all parties that the proceeds of the loan from the appellee bank of $11,500 were applied directly to the payment of the $15,000 indebtedness to the Danville State Bank. The deed from Louise to appellant specifically excepts this incumbrance. It makes no reference to the $5,000 mortgage held by appellee Walz,

but it was of record prior to the date of the conveyance.

It is likewise conceded that $5,500 was advanced by appellee to complete the payment of the amount due the Danville Bank. The separate mortgages executed by Louise and Ray Walz to appellees was for the purpose of securing the payment to them of the sums advanced in payment of the Danville mortgage. The present mortgage executed by appellee J. J. Walz and wife to the appellee bank was for the purpose of effecting redemption from the execution sale of the property. In such circumstances, appellees became subrogated to all the claim and rights of the original mortgagee. There can be no doubt at this point. Kent v. Bailey, 181 Iowa 489, 164 N. W. 852; Carnall v. Kramer, 194 Iowa 359, 189 N. W. 755; Gilbert v. Gilbert, 39 Iowa 657; State v. Beaton (Iowa) 206 N. W. 103; Heuser v. Sharman, 89 Iowa 355, 56 N. W. 525, 48 Am. St. Rep. 390; Andrew v. Bevington Sav. Bank, 206 Iowa 869, 221 N. W. 668; Young v. Shaner, 73 Iowa 555, 35 N. W. 629, 5 Am. St. Rep. 701; Wormer & Son v. Waterloo Agricultural Works, 62 Iowa 699, 14 N. W. 331; National Life Ins. Co. v. Ayres, 111 Iowa 200, 82 N. W. 607; Bennett v. Nat. Bank, 128 Iowa 1, 102 N. W. 129, 5 Ann. Cas. 899. By becoming subrogated to the rights of the original mortgagee, they succeeded to all of the rights thereof in relation to the indebtedness as well as to the remedies. Millowners Mutual Life Ins. Co. v. Goff, 210 Iowa 1188, 232 N. W. 504; Kent v Bailey, supra.

The court, by its decree, allowed appellant until March 1, 1932, to redeem by paying the clerk of the district court for the benefit of defendants $14,196.13, with interest, the full amount due. The time expired without redemption. It follows from what has already been said that the equities are with the cross-petitioner and that the decree should be and it is affirmed.—Affirmed.

KINDIG, C. J., and ANDERSON, MITCHELL, and KINTZINGER, JJ., concur.