FIRST TRUST JOINT STOCK LAND BANK of Chicago, Appellant, v. HENRY G. VER STEEG et al., Appellees.

No. 43812.

SEPTEMBER 21, 1937.

Cory & Sackett, for appellant.

Klay & Klay, for appellees Henry G. Ver Steeg, Dora Ver Steeg, Jacob Borgeman and Harvey Ver Steeg.

RICHARDS, J.—On June 7, 1935, plaintiff filed the petition in this action to foreclose its mortgage. Previously, on April 4, 1935, defendant Henry G. Ver Steeg, owner of the mortgaged

land, had leased same to his son Harvey Ver Steeg. The term of the lease was from March 1, 1935, to March 1, 1937. The agreed rental was $1,200 per year. On the day following its execution Henry G. Ver Steeg assigned the lease to defendant Jacob Borgeman. As part of the foreclosure plaintiff sought the appointment of a receiver and application of the rentals on the mortgage debt. Defendants made resistance thereto on the ground that the rentals were not available to plaintiff because of the execution of the lease and the assignment thereof, all prior to the commencement of the action. The plaintiff replied that both the lease and the assignment were fraudulent and sought their annulment. Upon this issue of fraud the trial court held with defendants and refused to appoint a receiver. Plaintiff has appealed.

The specific question raised is whether the lease and assignment were fraudulently entered into, and for that reason to be annulled and set aside, thus making the rentals subject to a receivership as provided in the mortgage.

■■■ With respect to fraud in the execution of the lease, the plaintiff points out that the lessee was the son of the lessor, was 24 years of age and unmarried, and had previously been helping his father on this farm. Plaintiff also points to some of the arrangements between the lessor and lessee, such as the privilege extended to the son to use the father's machinery in consideration of keeping the same in repair, that the son received his board for doing his father's chores, and used some of the father's horses in consideration of furnishing them feed, and other matters of small detail. But giving all these matters full weight we are convinced that fraud in the execution of the lease was not established. The son had reached the age of 24 years. It was natural that he was seeking a start in life on his own account. The fact situation is strikingly similar as that in Ferguson v. White, 213 Iowa 1053, 240 N. W. 700. In that case Mr. Justice Evans speaking for the court held that no quality of fraud was exhibited in that leasing transaction. There is one respect in which in the case at bar the appearance of fraud seems even farther removed than in the Ferguson case. That is the fact that Harvey Ver Steeg had accumulated a modest quantity of property of his own with which to carry on his farming operations. We are unable to agree with plaintiff that fraud inhered in the lease.

Turning now to the assignment of the lease to defendant Borgeman, plaintiff argues that the transaction was fraudulent upon numerous grounds which may be summarized under two general points, first, that there was no bona fide consideration to support the assignment, and second, that the assignment was made and accepted for a fraudulent purpose and with the specific intent of the assignor and the assignee to defraud the plaintiff.

■■ We are constrained to hold against plaintiff's contention with respect to want of consideration. Defendant Borgeman was the father of defendant Dora Ver Steeg, wife of defendant Henry G. Ver Steeg. During a period of years prior to the assignment of the lease Borgeman had furnished his son-in-law and daughter large sums of money in order to assist them in stemming the tide of deflation in land values. At the time of the execution of the assignment there remained unpaid from the Ver Steegs to Borgeman an item of $500, another item $2,500, also one of $11,000 and another of $7,070.38, disregarding any interest that may have accumulated. Plaintiff challenges defendants' claims and testimony that these items were secured by the assignment of the lease. That is, plaintiff urges that a chattel mortgage previously given to secure the $2,500 item covered sufficient property to amply secure that debt. Plaintiff also relies on the fact that the Ver Steegs had originally given notes to Borgeman for the $11,000 and $7,070.38 items, and that Borgeman had placed his daughter Dora Ver Steeg in possession of these notes prior to the assignment of the lease. Plaintiff's claim is that the indebtedness owing to Borgeman upon these two large items had thereby been extinguished. But the record is convincing that when the possession of the notes was delivered by Borgeman to his daughter the intention of the parties was not to extinguish the debt. Rather the Ver Steegs agreed at the time with Borgeman that they would repay the debt to Borgeman during his lifetime, so far as they should be able. The assignment of the lease appears to have been an effort to carry out, to the extent of the rentals, this agreement between the daughter and her father. The moving purpose in transferring the possession of the notes to the daughter was avoidance of enforcement of payment of such balance of the indebtedness as the daughter and her husband might not have repaid during the lifetime of Borgeman. It was Borgeman's pleasure to so ar-

**1168**

range his affairs. That there was no indebtedness owing to Borgeman that was secured by the assignment of the lease, and hence no consideration, has not been established.

■■■ With reference to the claim that the assignment was made and accepted for a fraudulent and collusive purpose and with the specific intent to defraud the plaintiff, it is conceded by defendants that the Ver Steegs were insolvent, that the mortgage debt was in default for want of payment of interest and taxes, and that the then market value of the mortgaged premises was less than the amount secured by plaintiff's mortgage. It is also apparent from the cross-examination of Borgeman that in a general way he knew of the financial condition of the Ver Steegs. A circumstance also to be considered is that these transactions were between members of the same family. Unquestionably the situation is such that the transaction should be carefully scrutinized. But having so done we have failed to satisfy ourselves that the taint of fraud has been shown. If we were to hold that the assignor and the assignee of the lease were participating in a fraud upon plaintiff we would be unable to point out any specific evidence from which such conclusion could fairly be drawn, aside from the circumstances that have been related. Without more than is in the record we refrain from saying that fraud has been established. The question of good faith or the lack of it was, of course, before the district court, as it is before us. That court had the advantage of being able to observe the witnesses. We have only the record. Therefrom we have been unable to glean sufficient of substance to warrant us in saying that the trial court did not reach the correct conclusion upon this question.

The case is affirmed.—Affirmed.

HAMILTON, C. J., and MITCHELL, STIGER, PARSONS, DONEGAN, KINTZINGER, ANDERSON, and SAGER, JJ., concur.