**SALAVEA L. of Leone, Plaintiff**

v.

**ILAOA of Leone, Defendant**

No. 2-1938

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Avalua" in Leone]

July 25, 1938

A. A. MORROW, *Chief Justice;* LIUFAU, *District Judge;* and PELE, *District Judge.*

15

## DECISION

Heard at Leone on July 15, 1938 and at Fagatogo on July 19, 1938. 

MORROW, *Chief Justice.*

Ilaoa had the land Avalua in the Village of Leone surveyed and thereafter, pursuant to Section 74 of the Codification, made application to the Registrar of Titles to have the land as surveyed registered in his name. Salavea filed an objection to the proposed registration; hence this litigation. At the hearing the Court was advised by both Ilaoa and Salavea that each claimed the property as the matai of his family. It should also be stated that there is a public highway across the land; that the same is shown on the survey; and that the rights of the public in the highway are not in dispute.

 It appeared from the evidence that at the time of the establishment of the government in 1900 this piece of land was occupied and used by the Salavea family; that the Salavea family had occupied and used it during the mataiship of at least four Salaveas prior to 1900; and that such use and occupation was accompanied by a claim of ownership. On this evidence we can come to but one conclusion, and that is that at the time of the establishment of the government the land under Samoan custom was the property of the Salavea family. The cession of the American Samoan Islands to the United States in 1900 did not affect private land titles. *Talo v. Poi,* No. 16-1937. The land Avalua is still the property of the Salavea family unless it has parted with its title voluntarily, lost it through the operation of the doctrine of adverse possession, or unless the property has been taken through condemnation proceedings. *Toilolo v. Ilaoa,* No. 5-1937; *Talo v. Poi,* No. 16-1937. Being matai land it would upon

16

the death of the matai descend according to Samoan custom to his successor to be held for the benefit of his family. Section 11(25) of the Codification. And it could not be taken on execution. Section 95(11) of the Codification.

■ There was no evidence to show that the Salavea family parted with its title to the land voluntarily or that it had ever been condemned. This leaves only the possibility of loss of title to Ilaoa through adverse possession to be considered. It was decided in the case of *Talo v. Poi*, No. 16-1937 that the Statute of 21 James I, Chap. 16, passed by the English Parliament in 1623 is a part of the law of American Samoa. That Statute operates to transfer title to land held adversely for the statutory period of twenty years to the wrongful possessor. This was laid down in the above case of *Talo v. Poi*, No. 16-1937.

"Adverse possession, generally speaking, is a possession of another's land which, when accompanied by certain acts and circumstances, will vest title in the possessor. No matter in what jurisdiction the determination of what constitutes adverse possession may arise, the decisions and text books are unanimous in declaring that the possession must be actual, visible, exclusive, hostile, and continued during the time necessary to create a bar under the statute of limitations. Whenever any of these elements, or any other element required by statute is lacking, no title by adverse possession can ripen." 2 *Corpus Juris* 50.

In *Cook v. Clinton*, 64 Mich. 309, 8 American State Reports 816, an instruction defining adverse possession in the following language was approved: ". . . All adverse possession must be open, notorious, continuous, exclusive, visible, and distinct, as well as adverse. Now what is meant by this is, that there must be an actual occupancy as distinguished from a constructive possession of the property; that is, some one must be in actual possession of the property . . . ." See *Sunberg v. Cunningham*, 96 Mich. 378, 35 American State Reports 613 and *Elliot v. Lane*, 82 Iowa

484, 31 American State Reports 504. There are a multitude of decisions by courts of last resort in the United States that possession to be adverse must at least be actual, visible, exclusive and hostile to the owner. See 2 *Corpus Juris* 50, N. 7 and cases cited. From what has been said it is obvious that if Ilaoa under the circumstances of this case is to establish title to the land Avalua in himself as the matai of the Ilaoa family he must, first of all, show that his family has been in the actual possession of the land for the statutory period of twenty years.

The evidence (and we have gone over the transcript very carefully) fails to show that the Ilaoa family was ever in actual possession of the land. Ilaoa was on the stand himself but he made no claim that his family had ever been in actual possession. When the Salaveas were putting up a fale on the land in 1906 the then Ilaoa made an objection to its construction claiming that the land belonged to his family and not to the Salavea. After some discussions by the representatives of the two families the fale was completed. It was occupied by the Salavea family until it was destroyed by the 1926 hurricane. While there was some testimony that Olo, a high talking chief speaking for Salavea, admitted in the above mentioned discussions that the land belonged to Ilaoa, and that the fale was to be finished with the consent of Ilaoa, the evidence very clearly preponderates in favor of the view that Olo made no such admissions but at all times claimed that the land was Salavea's. The Salavea family completed the fale regardless of any consent from the Ilaoa and lived in it and occupied the land in dispute under the claim that the land was theirs. Under these circumstances it makes no difference whether the Ilaoa gave any such consent or not, since the completion of the fale and the continued occupation of the land by the Salaveas was under a claim of ownership and not pursuant to any consent or permission which Ilaoa

18

may, or may not, have given. In 1916 the then Ilaoa deeded land contiguous to the land in question to the government for a site for the Leone Naval Dispensary. The deed was in evidence. It contains a recital that both Ilaoa and Salavea claimed the land Avalua. In 1936 when Salavea began to erect a new fale on the land, Ilaoa wrote him a letter in which he claimed the land as Ilaoa property and ordered him to stop the erection of the fale. Ilaoa introduced evidence that some members of the Ilaoa family are buried on the land. However, taking the evidence on burials as a whole it is quite clear that any such persons had also become members of the Salavea family through marriage into the family. Their burial on the land did not divest the Salavea family of possession, when the evidence shows that that family continued to occupy the land and to take its fruits. There was some evidence that Salavea Muagutu was an Ilaoa man. Conceding for the sake of argument that he was, he was also a member of the Salavea family through marriage, and if he was selected as the matai of the Salavea family that fact would not divest the Salavea family of ownership of Salavea matai land and invest the Ilaoa family and its matai with the ownership. Under the Samoan custom that matai does not have the beneficial ownership in the family lands. He holds the title for the benefit of the family of which he is the matai.

 The most that the evidence in favor of Ilaoa shows is that he and former Ilaoas have at various times made claims that the land was Ilaoa property. However, under the law governing acquisition of title by adverse possession, claims of title no difference how frequently made, when unaccompanied by actual possession, can never ripen into title. An examination of the cases from the United States previously cited in this opinion will demonstrate the correctness of that proposition.

19

There being no evidence of actual possession by the Ilaoa family at any time, it follows that the Salavea family did not lose its title to the Ilaoa family through operation of the doctrine of adverse possession.

It follows from what has been said that the land Avalua is the matai land of the present Salavea, subject to the undisputed rights of the public in the highway across it.

While it is not necessary to a decision of this case it may be stated that since the evidence clearly shows that the Salavea family was in the actual, open, notorious, visible, continuous, exclusive and hostile possession of the land claiming it as their own from a time antedating by many years the establishment of the government in 1900, up to the date of the trial in 1938, it follows as a matter of law that the land is theirs free of any claims of the Ilaoa family. This is so obvious that citation of authorities is unnecessary.

■ Counsel for Ilaoa took the view, since Salavea was not actually living on the land from the year 1926, when his fale was blown down, until 1937, when his new fale begun in 1936 was completed, that Salavea did not have possession during that period. That is an error. Salavea continued to use the land and take the fruits from it. It continued to be a Salavea burying ground as it had been for many years before. A man may have possession of land without actually living on it. If that were not true there would be few plantations in American Samoa in possession of any one.

There is no need for further discussion.

It is accordingly ADJUDGED, DECREED AND ORDERED that the land Avalua as shown on the survey filed by the proponent Ilaoa be registered by the Registrar of Titles as the matai land of Salavea subject to the rights of the public in the highway across said land. Since the

Salavea family is already in possession it is not necessary to issue a writ of possession.

Court costs in the sum of $25.00 are hereby assessed against Ilaoa, the same to be paid within sixty days.

The other Judges concur.