**William H. SWAB, Appellant,**

v.

**APPANOOSE COUNTRY CLUB, Appellee.**

**No. 55100.**

Supreme Court of Iowa.

Dec. 20, 1972.

Rehearing Denied Feb. 14, 1973.

Barnes & Schlegel, Ottumwa, for appellant.

Valentine & Greenleaf, Centerville, for appellee.

Heard before MOORE, C. J., and Le-GRAND, UHLENHOPP, REYNOLDSON, and McCORMICK, JJ.

UHLENHOPP, Justice.

The controlling question in this suit to quiet title is whether the grantee in a deed

to real estate was a bona fide purchaser for value.

Since at least 1923, the Appanoose Country Club (the club) and its corporate predecessor, Centerville Country Club, have occupied and used a parcel of real estate about an acre in size abutting the main country club grounds. During that period the parcel has been open on the country club side but fenced on the other three sides, with a gate to the adjoining farm. For a time in recent years the location of the fence at one place was altered. It was then restored. Trees have grown up along the fence line. At various times within the past 50 years, the parcel has been the site of the club parking lot, of a building occupied by club caterers as their dwelling, of a garage to house club machinery and equipment, and of golf cart sheds. The use of the parcel by the club has been open and continuous.

The acre was carved out of the adjoining 96-acre farm. The owner of that farm died and left the farm to his widow, Grace Dickinson Payne. The country club became aware that it did not hold record title to the acre. An arrangement was made that the club would grant Mrs. Payne and her sister life memberships in the club in return for a quitclaim deed to the parcel. Accordingly, the club adopted a resolution "that said Grace Dickinson Payne and Sadye Dickinson, her sister, be and they are hereby granted life memberships in said Centerville Country Club," and on August 17, 1939, Mrs. Payne executed and delivered to the club a quitclaim deed to the parcel. The deed was not recorded when delivered but was apparently held by one Shutts, who at various times was a club trustee.

Mrs. Payne subsequently died. Whether her sister survives is not shown, but the parties do not make a point of that aspect of the matter.

On March 1, 1949, Mrs. Payne's heirs sold and conveyed the 96-acre farm to Nick Swab without excepting the parcel in question. At that time the club was oc-

cupying the parcel as before. What if any inquiry Swab then made of the club as to its rights does not appear.

Apparently some dissension thereafter arose about the ownership of the parcel. Mr. Shutts decided the quitclaim deed should be recorded, and that was done on January 26, 1954. During that period the country club also gave memberships to the Swabs without charge. We think it a fair inference that the club was trying to keep the controversy from erupting into litigation. Swab eventually conveyed the farm including the parcel to his wife, and thereafter died. Later Mrs. Swab also died, leaving her property to plaintiff William H. Swab.

On November 30, 1968, plaintiff brought the present suit against the club to quiet the title to the parcel. The club answered. After trial, the trial court held for the club and dismissed the petition. Plaintiff appealed.

Plaintiff asserts four propositions in this court. He claims, first, that he has good title if his predecessor Nick Swab obtained good title, second, that Nick Swab was a purchaser for a valuable consideration, and third and fourth (which are really the same), that Nick Swab was a purchaser without notice. We may assume without deciding that plaintiff's first and second propositions are established, for we think, as the trial court did, that plaintiff has not shown Nick Swab was without notice.

■ The club received title by quitclaim deed. Such a deed is an effective mode of conveyance and transfers the grantor's title to the grantee. Code, 1971, § 558.19; Mack v. Tredway, 244 Iowa 240, 56 N.W. 2d 678. Hence when Mrs. Payne executed and delivered the quitclaim deed to the club, the club became holder of the title to the acre.

But to protect subsequent bona fide purchasers for value, our legislature provided in § 558.41, Code, 1971:

No instrument affecting real estate is of any validity against subsequent pur-

chasers for a valuable consideration, without notice, unless filed in the office of the recorder of the county in which the same lies, as hereinafter provided.

 Nick Swab was within § 558.41 to the extent that at the time he received his deed from Mrs. Payne's heirs, the club's quitclaim deed was unrecorded. Since we assume Nick Swab was a purchaser for value, the question is whether he was without notice. The burden is on plaintiff so to prove. Kindred v. Crosby, 251 Iowa 198, 100 N.W.2d 20.

The rule in this jurisdiction, in common with numerous other states, is that possession of real estate imparts notice to the world of the rights of the possessor which reasonable and proper inquiry of the possessor would reveal. Booth v. Cady, 219 Iowa 439, 257 N.W. 802; 55 Am. Jur. Vendor & Purchaser § 712 at 1087; 92 C.J.S. Vendor & Purchaser § 346 at 272–273. As stated in 92 C.J.S. Vendor & Purchaser § 346 at 275, "Possession of real property by a person other than the vendor is notice to the purchaser of whatever rights or interests, legal or equitable, in the fee which the occupant has or claims and which would be disclosed on a proper and reasonable inquiry of him." The club was in possession of the parcel when Nick Swab received his deed, and plaintiff has not shown that Swab made reasonable and proper inquiry of the club at that time as to its rights.

As plaintiff claims, however, possession does not impart knowledge of facts which inquiry of the possessor would not reveal. Raub v. General Income Sponsors of Iowa, Inc., 176 N.W.2d 216 (Iowa). But the situation here is not at all like the one in the Raub case. There the grantor was unaware that she had been swindled, and inquiry of her would not have revealed the fraud. Nor is the situation like Clark v. Chapman, 213 Iowa 737, 239 N.W. 797 (person negotiating with grantee not required to inquire of grantor in possession after being assured by grantor that grantee was absolute owner). We cannot conjecture that the club would have withheld information about the deed if Nick Swab had inquired of the club about its rights. The evidence does not support plaintiff's claim that inquiry would have been unavailing.

Plaintiff did not sustain his burden of proving that Nick Swab was without notice, and the trial court properly dismissed the petition.

Affirmed.